Commonwealth *v.* Larkins, Appellant.

20

Submitted December 6, 1974. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Neil Carver,* and *Carver and Steinberg,* for appellant.

*Bruce A. Franzel, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 24, 1975:

Appellant, who was tried in a non-jury trial and found guilty of criminal conspiracy, burglary, and theft by unlawful taking or disposition, now contends that there was not sufficient evidence to convict him on the above charges.

In reviewing this case the evidence must be viewed in the light most favorable to the Commonwealth. *Commonwealth v. Cimaszewski,* 447 Pa. 141, 143 (1972); *Commonwealth v. Miller,* 445 Pa. 282 (1971). With this standard in mind the evidence against appellant can be stated as follows. At 7:30 p.m. on September 15, 1973 appellant was observed standing in front of a closed

laundromat with a group of eight or nine other boys. The appellant and several other boys walked around to the back of the laundromat where there is a small yard, which leads into the laundromat, completely enclosed by a brick fence with a wooden gate. Shortly thereafter the appellant and two other boys were seen leaving the yard behind the laundromat. At 8:00 p.m. the manager of the laundromat discovered that the laundromat had been broken into; however, there was no evidence that anything was taken. At 8:50 p.m. appellant and another boy were arrested. The boys had some change in their pockets and one had a half of brick wrapped in a belt sticking out of his pocket. The above is not simply a summary of the facts, but is a complete account from the record of all the relevant evidence introduced at trial against the appellant.

"To sustain a conviction, the facts and circumstances which the Commonwealth prove must be such that every essential element of the crime is established beyond a reasonable doubt. Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture." [Footnotes omitted.] *Commonwealth v. Roscioli*, 454 Pa. 59, 62 (1973).

Theft by unlawful taking or disposition is defined as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). In the instant case it is inconceivable that appellant was convicted of theft in that there was no evidence introduced at trial as to any property taken. Therefore we must hold that as to this count the Commonwealth failed to meet its burden of proof.

Burglary is defined as follows: "A person is guilty of burglary if he enters a building or occupied structure,

or separately secured or occupied portion thereof, with intent to commit a crime therein. . . ." 18 Pa.C.S. §3502 (a). An inference that appellant entered the laundromat could be drawn from the fact that appellant was leaving the yard behind the laundromat; however, such an inference borders on conjecture. Assuming such an inference were accepted, the Commonwealth nevertheless has not put forth any evidence whatsoever that appellant committed, or intended to commit a crime within the laundromat. Therefore, as to this count the Commonwealth did not meet its burden of proof. Because the above counts were not proven, the conspiracy count must also fail.

Accordingly the judgments of sentence are reversed.