350 A.2d 810

**COMMONWEALTH of Pennsylvania**

v.

**Frederick GOODMAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 17, 1975 (J–427).

Decided Jan. 29, 1976.

368

Defender Assn. of Philadelphia, John W. Packel, Chief, Appeals Div., Elaine De Masse, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James Garrett, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant was convicted of burglary and larceny on August 27, 1973. The case was tried before a judge sitting without a jury in the Court of Common Pleas of Philadelphia. Appellant was sentenced to five to ten years imprisonment, and the judgment of sentence was affirmed by the Superior Court in an opinionless per curiam order.[1] We granted allocatur[2] and reverse.

Appellant's sole contention is that the evidence was insufficient to sustain the conviction. As stated in *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975):

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could

---

1. *Commonwealth v. Goodman*, 228 Pa.Super. 882, 322 A.2d 665 (1974).

2. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1975).

reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt." See *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975); *Commonwealth v. Murray*, 460 Pa. 605, 334 A. 2d 255 (1975).

The record, read in the light most favorable to the Commonwealth, shows the following. At 3 a. m., May 11, 1973, Officer Thomas Evans observed Gerald Blatch emerge from a door at the rear of a building. Blatch was carrying a box of frozen meat. The doorway from which Blatch exited opened into a vestibule that led to the rear door of a grocery store and also to a stairway ascending to an apartment above the store. Evans ordered Blatch to stand against the wall. While Evans was engaged with Blatch, appellant emerged from the door of the building. At trial, Evans was unable to recall whether appellant was carrying anything. Appellant was also ordered to stand against the wall. As Evans advanced toward the two men, Blatch threw the box of frozen meat at Evans and fled. As Evans attempted to stop Blatch, appellant fled in the opposite direction. Appellant was apprehended approximately one-half later; a search of his person produced no inculpatory evidence.

There was no testimony placing appellant in the store. No stolen goods were found in his possession. The Commonwealth introduced no evidence to negate the possibility that appellant had come from the apartment above rather than from the store. There was neither testimony linking appellant with Blatch nor evidence indicating that more than one person was involved in the crime.

■■ The only evidence introduced by the Commonwealth tending to show appellant's participation was his presence at the scene of the crime and his flight. As we held in *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973), such evidence, standing alone, does not establish guilt beyond a reasonable doubt. In *Common-*

*wealth v. Garrett,* 423 Pa. 8, 13, 222 A.2d 902, 905 (1966), this Court stated:

> "Appellant's presence on the scene, both immediately prior and subsequent to the commission of the crime, was established. This fact, however, in the absence of other evidence indicative of appellant's participation in the robbery, did not warrant submission of the case to the jury."

The additional element of flight, which is as consistent with fear as with guilt, does not convert presence into proof of guilt. *Commonwealth v. Roscioli,* supra; *Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972).

As stated in *Commonwealth v. Roscioli,* supra, 454 Pa. at 62, 309 A.2d at 398:

> "Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture." (Citations omitted.)

■ Here, the evidence is as consistent with the inference that appellant innocently happened upon the scene and fled out of fear as it is with the inference that appellant was a participant in the burglary. Hence, appellant's guilt is not proved beyond a reasonable doubt, and the conviction may not stand.

Order of the Superior Court reversed, and appellant discharged.

POMEROY and NIX, JJ., dissent.

JONES, C. J., did not participate in the consideration or decision of this case.