378 A.2d 347

**COMMONWEALTH of Pennsylvania**

v.

**Sam KELLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided Oct. 6, 1977.

386

Philip D. Freedman, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

Appellant was convicted of theft by unlawful taking[1] on October 24, 1975. Post-trial motions were denied, and a sentence of six to twelve months imprisonment was imposed. In this appeal, appellant's sole contention is that the evidence was insufficient to sustain the conviction. For the reasons hereinafter stated, we agree and, therefore, reverse.

The pertinent facts may be summarized as follows: On Sunday, June 15, 1975, approximately 7:10 a. m., Arthur Olsen drove into the car laundry at Harrisburg's Kline Village Shopping Center. Appellant and two other young men were observed standing around one of the three vacuum cleaners. Upon Mr. Olsen's approach, they hurriedly jumped into a car and left the scene. Mr. Olsen then examined the vacuum cleaner and noticed that the coin box

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3921 (1973).

was damaged; the coin box was missing from a second cleaner, but the machine was still running. Thereupon, Mr. Olsen summoned the police. Appellant was arrested three days later.

Testimony at trial clearly established that the vacuum cleaners had been intact at 7:00 p. m. on Saturday, when the car laundry closed. Appellant took the stand and denied that he or his companions had taken the money. Moreover, he testified that he had used the damaged vacuum cleaner without any trouble, and that a "little old lady" had been using the vacuum cleaner from which the coin box was missing. Mr. Olsen, however, contradicted appellant's testimony. He stated that his coin would not fit into the vacuum cleaner because of the damage, and that he had not seen anyone at the second machine. Appellant further testified that he had been with only one other individual on the morning of the incident. However, Mr. Olsen's testimony that he had observed three young men was corroborated by a police officer who testified that he had seen appellant and two others in the same automobile within ten minutes of the time he was observed at the car laundry. The trial judge, sitting without a jury, upon these facts found appellant guilty of theft by unlawful taking.

In passing upon the sufficiency of the evidence, we consider the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Brown*, 467 Pa. 388, 357 A.2d 147 (1976). The test for sufficiency of evidence is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the factfinder could properly have based its verdict, it is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Thomas*, 465 Pa. 442, 350 A.2d 847 (1976). It is well-established that the Commonwealth may sustain its burden by means of wholly circumstantial evidence. *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972); *Commonwealth v. James*, 230 Pa.Super. 186, 326 A.2d 548 (1974). However, a conviction based solely on mere suspicion or conjecture will not be permitted to stand. *Commonwealth v. Bailey*, 448 Pa. 224, 292 A.2d 345 (1972).

 The mere presence of an individual at the scene of a crime is not a sufficient circumstance upon which guilt may be predicated. *Commonwealth v. Bailey*, supra; *Commonwealth v. Garrett*, 423 Pa. 8, 222 A.2d 902 (1966); *Commonwealth v. Manson*, 230 Pa.Super. 527, 327 A.2d 182 (1974). Moreover, the additional element of flight, which is as consistent with fear as with guilt, does not convert presence into proof of guilt. *Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976); *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973).

 Here, the evidence, even with the reasonable inferences that the factfinder could have drawn therefrom, cannot be said to have established appellant's guilt beyond a reasonable doubt. No evidence was introduced tending to show that appellant had tampered with the coin boxes or taken anything from them. The most that the Commonwealth has established to prove appellant's involvement is his presence at the car laundry and his flight therefrom.[2] As our Supreme Court stated in *Commonwealth v. Goodman*, supra, 465 Pa. at 371, 350 A.2d at 812, "the evidence is as consistent with the inference that appellant innocently hap-

2. Here, as indicated, appellant gave statements at trial that were directly contradicted by evidence introduced by the Commonwealth. The Commonwealth contends that this fact of contradiction is an additional circumstance to be weighed by us in determining the sufficiency of the evidence. To support this contention, the Commonwealth relies on *Commonwealth v. Kravitz*, 400 Pa. 198, 161 A.2d 861 (1960), wherein our Supreme Court stated that "[c]onflicting or contradictory or false statements of the defendant . . . [are] admissible, 'since the jury may infer therefrom that they were made with an intent to divert suspicion or to mislead the police or other authorities, or to establish an alibi or innocence, and hence are indicatory of guilt.' *Commonwealth v. Sauders*, 390 Pa. 379, 388–389, 134 A.2d 890, 895." *Id.* 400 Pa. at 217, 161 A.2d at 870. *See also, Commonwealth v. Gockley*, 411 Pa. 437, 453, 192 A.2d 693, 701 (1963). We, however, believe that the Commonwealth's reliance on *Commonwealth v. Kravitz*, supra, is misplaced.

The factfinder was free to believe all or part of or none of appellant's trial testimony; the trial judge, as factfinder, apparently chose to believe the Commonwealth's witnesses. The Commonwealth, however, made no attempt to show that appellant had made any prior false or contradictory statements. Therefore, this is not a situation covered by *Commonwealth v. Kravitz*, supra.

pened upon the scene and fled out of fear as it is with the inference that appellant was a participant in the [crime]." Hence, the conviction may not stand.

Judgment reversed and appellant discharged.

PRICE, J., dissents.