393 A.2d 1253

**COMMONWEALTH of Pennsylvania**

v.

**Marlyn Owens ROACH, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1977.

Decided Nov. 14, 1978.

E. A. Smith, with him Irene H. Cotton, Philadelphia, for appellant.

William T. Nicholas, District Attorney, Norristown, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted by a judge sitting without a jury of theft by unlawful disposition.[1]  Her post-trial motions were denied and a fine of $300 was imposed.  This appeal followed.

[1]  The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973;  18 Pa.C.S. § 3921.

On December 26, 1975, a Pennsylvania state trooper was summoned to 260 Allentown Road in Salford Township, Montgomery County. This property was partly owned by appellant's estranged husband, Lee Roach.[2] When the trooper arrived, he saw appellant inside one of the apartments, and four men loading furniture into a U–Haul truck. The trooper entered the apartment and observed no furniture inside except for a sofa in the living or dining room. He questioned appellant, who produced identification, and left without making an arrest. On December 31 Roach returned to the property. The back door to the kitchen was open and first floor windows were broken and covered with card board and scotch tape. Furniture and personal items that had been in the apartment two weeks before were missing. On April 12 Roach filed a private criminal complaint charging appellant with burglary and theft by unlawful disposition.

The trial judge found appellant guilty of "theft of movable property" the "amount [of which] wasn't proven." The judge set the amount as $50 or less, making the offense a misdemeanor of the third degree. (N.T. 80, 12/13/76) From his description of the offense at trial it is not clear which property the judge found appellant guilty of stealing. In his opinion on the post-verdict motions, however, the judge only discussed the theft of a gun rack, which was missing and was the exclusive property of Lee Roach. Slip opinion at 3. Appellant had maintained at trial that all the other items taken[3] were either hers alone or were jointly

---

2. Roach had instituted divorce proceedings in Philadelphia in 1974, after he and appellant had been living separately for two years. A final decree was issued on Dec. 1, 1975. Appellant testified that she did not find out about the decree until early 1976. She testified that she went to the apartment on Dec. 22, 1975, with the idea of discussing the marital situation with Roach, but that he was not there, and she stayed until Dec. 26, when she moved the furniture out. N.T. 48 (12/13/76). When appellant was given notice of the decree, she appealed, and eventually filed a petition to open the decree, which had not been adjudicated at the time of trial.

3. There was testimony that three guns were taken, two of which belonged to friends of Lee Roach. These two guns were the only

owned. (N.T. 51, 12/13/76) She testified that she did not know of the gun rack's existence, much less take it from the apartment. On appeal, she particularly takes issue with the trial judge's statement that since the gun rack was missing on December 31, and "since virtually all of the property in the apartment was removed by her cousins under her directions, it is a reasonable inference that the gun rack was included among the property removed." Slip opinion at 3.

In considering a claim that evidence was insufficient, we must view the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Porter*, 229 Pa. Super. 314, 323 A.2d 128 (1974). Nevertheless, "[t]o sustain a conviction, the facts and circumstances which the Commonwealth prove must be such that every essential element of the crime is established beyond a reasonable doubt." *Commonwealth v. Larkins*, 235 Pa.Super. 19, 21, 341 A.2d 204, 205 (1975) (*quoting Commonwealth v. Roscioli*, 454 Pa. 59, 62, 309 A.2d 396, 398 (1973)). The Commonwealth "may in the proper case rely wholly on circumstantial evidence, [but] the conviction must be based on more than mere suspicion or conjecture." *Id.*

We have recently reversed two convictions for theft by unlawful disposition where the evidence was, as it is here, largely circumstantial. In *Commonwealth v. Keller*, 249 Pa.Super. 384, 378 A.2d 347 (1977), the defendant had been convicted of theft of money from a coin box in a car laundry. The Commonwealth was only able to show that a bystander had seen the defendant at the site of the coin box, and that when the bystander approached him, the defendant fled. We reversed because "[n]o evidence was introduced tending to show that appellant had tampered with the coin boxes or taken anything from them." 249 Pa.Super. at 388, 378 A.2d at 349. In *Commonwealth v. Bailey*, 250 Pa.Super. 402, 378 A.2d 998 (1977), the defendant had been convicted of stealing telephone wire from two separate supply areas.

property alleged to have been taken that did not belong to appellant or Roach, or to both of them. Appellant testified that she had never seen the guns and did not have them.

The only evidence that the Commonwealth presented was the testimony of the father of the defendant that the defendant had brought the wire to his house and stacked it on his porch. We reversed because "the Commonwealth failed to show any link whatsoever between appellant and the removal of the cable from [the supply areas]." We noted that "[n]o one saw appellant at or near the scene, nor was he apprehended with the goods within a few hours of the theft." *Id.*

The Commonwealth's evidence in this case is in no significant way stronger than that in either *Commonwealth v. Keller, supra,* or *Commonwealth v. Bailey, supra.* The state trooper testified that when he arrived at the apartment he saw "the remains of an empty apartment really except for either the living room or the dining room there had been a sofa," and that when he looked into the U–Haul truck, it was "approximately three quarters loaded with furniture;" and Lee Roach testified that when he returned to the apartment five days later, he found his gun rack missing. No one testified that appellant took the gun rack; or that she ever had the gun rack; or that any of the men at the apartment had it; or that it was in the truck. The trial judge's inference, "that the gun rack was included among the property removed," is a *possible* inference, but not *so* possible as to permit a finding beyond a reasonable doubt; indeed on balance it seems more likely to be an incorrect inference than a correct one. The fact that the trooper only remembered seeing the sofa is consistent with the trial judge's inference but not especially supportive of it. Very few of us have powers of observation so comprehensive and accurate as to enable us to say that because we remember seeing one thing, something else was not there. (Edgar Allan Poe's story of the purloined letter illustrates the fact that we may overlook something simply because it is so obvious.) More in point is Roach's testimony, which in its most important aspect is inconsistent with, and creates considerable doubt about, the judge's inference. Specifically: If, as Roach said, the kitchen door and back windows

were broken open, when he came to the apartment five days after appellant had left, it would appear that in his and appellant's absence the apartment had been broken into and vandalized. No one saw appellant break the windows and cover them with card board and scotch tape;. nor does any reason appear why she would have done so, since she had already peacefully entered the apartment, taken her belongings, and left some time before. If indeed the gun rack was in the apartment, it seems more likely that it was taken by the person, or persons, who broke into the apartment sometime between December 26 and 31.

The judgment of sentence is vacated and appellant ordered discharged.[4]

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

**4.** This disposition makes it unnecessary to consider appellant's arguments that Lee Roach should not have been permitted to testify, and that the case should have been dismissed on the basis of Pa.R. Crim.P. 1100(f).