413 A.2d 402

COMMONWEALTH of Pennsylvania

v.

Benjamin ADDISON, Jr., Appellant.

COMMONWEALTH of Pennsylvania

v.

Albert S. BLAKNEY, Appellant.

Superior Court of Pennsylvania.

Argued March 19, 1979.

Filed Oct. 26, 1979.

274

Janet Mason, Assistant Public Defender, West Chester, for appellants.

Janet Crawford, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

PRICE, Judge:

On July 11 and 12, 1977, appellants were jointly tried before a jury which convicted them of burglary,[1] theft by unlawful taking,[2] criminal trespass,[3] and criminal conspiracy.[4] Post-trial motions in arrest of judgment were denied, and appellant Addison was sentenced to a term of imprisonment of from two to four years, while appellant Blakney received a prison sentence of not less than eleven and one-half nor more than twenty-three months. Both appellants now contend that the evidence adduced at trial was insufficient to sustain the convictions. We disagree and consequently affirm the judgments of sentence.

Reviewing the evidence in the light most favorable to the Commonwealth as verdict winner, *Commonwealth v. Mangini*, 478 Pa. 147, 386 A.2d 482 (1978), the following facts were adduced at trial. At approximately 4:25 on the morning of February 25, 1977, Stanley Harris was on his way to work when he noticed that a rear light which was usually lit in the Star Social Club, located in West Chester, was extinguished. Being a member of the club, Mr. Harris investigated further and observed a dim glow and a shadowy figure inside the club, the door ajar,[5] and both heard and saw two individuals in the vicinity of a railroad station some forty or fifty feet away. Immediately running the short distance to the local police station, Mr. Harris reported his observations. Acting on this report, several officers arrived at the club approximately three to four minutes subsequent to Mr. Harris' initial notice of activity on the grounds. Officer Beans entered the building through the rear door while

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3921.

3. 18 Pa.C.S. § 3503.

4. 18 Pa.C.S. § 903.

5. The door was last observed locked at 3:25 that morning.

Officer Euler remained outside; two other officers stationed themselves by the front entrance. Appellant Addison was arrested by Officer Beans inside the club, while Officer Euler arrested appellant Blakney as he ran out of the rear exit. A search of appellant Addison disclosed eighty quarters in his pockets; nothing was found on appellant Blakney's person. Subsequent examination of the club's interior revealed that the rear door had been broken into, coin boxes in several of the vending machines and the pool table had been rifled, and quantities of cigarettes and liquors had been removed. Most of the last two items were found secreted at the spot near the railroad station where Mr. Harris had observed and overheard the two figures.

■ In determining whether the evidence produced is sufficient to support a conviction, the test to be applied is whether, accepting as true all evidence and all reasonable inferences therefrom on which if believed the factfinder could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime charged. *Commonwealth v. Richbourg*, 260 Pa.Super. 438, 394 A.2d 1007 (1978); *Commonwealth v. Deeters*, 255 Pa.Super. 343, 386 A.2d 1034 (1978). Moreover, these reasonable inferences must be predicated on proven facts and circumstances, not solely on suspicion or surmise. *Commonwealth v. Frey*, 264 Pa.Super. 212, 399 A.2d 742 (1979); *Commonwealth v. Roach*, 260 Pa.Super. 261, 393 A.2d 1253 (1978). Instantly, this standard has been satisfied.

Appellants focus their sufficiency attack primarily on the burglary conviction, and we will consequently do likewise. Burglary is defined in the Crimes Code as follows:

"A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S. § 3502(a).

At trial, appellants admitted that they entered the building without permission or privilege at a time when it was not open to the public. The crux of the issue, therefore, is

whether sufficient evidence was adduced to prove beyond a reasonable doubt that appellants entered the club with the intent to commit a crime therein.

The specific intent required to make out a burglary charge may be found in the defendant's words, conduct, or from the attendant circumstances together with all reasonable inferences therefrom. *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979); *Commonwealth v. Nutter*, 256 Pa.Super. 111, 389 A.2d 626 (1978); *Commonwealth v. Atkins*, 232 Pa.Super. 206, 335 A.2d 375 (1975). Because it is rare for a defendant to explicitly state his intent, it must generally be gleaned from a detailed and comprehensive review of the circumstances. Instantly, a review of those circumstances clearly indicates that the fact finder could have validly concluded that appellants had the requisite intent to commit a crime when they entered the club. They were found inside a closed business establishment in the early morning hours. Appellants explained their presence to the arresting officer by claiming that they were just cleaning up (N.T. 46), although they testified at trial that they had found the door ajar and entered to drink beer. (N.T. 74, 83). When discovered by the police, appellant Blakney attempted to flee. Appellant Addison had a large quantity of quarters on his person, and because the damaged club pool table accepted only quarters, a reasonable inference is that the quarters were taken from the table.

While, as appellants note, it is quite true that mere presence at the scene of a crime is not sufficient circumstantial evidence to sustain a finding of guilt, *Commonwealth v. Eddington*, 255 Pa.Super. 25, 386 A.2d 117 (1978); *Commonwealth v. Keller*, 249 Pa.Super. 384, 378 A.2d 347 (1977), this evidence strongly indicates far more than two innocent individuals suddenly enmeshed in a situation not of their own making. This is not a case where *no* evidence of an illicit motive was adduced, as in *Commonwealth v. Larkins*, 235 Pa.Super. 19, 341 A.2d 204 (1975), and *Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873 (1977), both cited by appellants. In *Larkins*, the defendant had been observed milling about a laundromat in the company of a gang of

boys. Shortly thereafter, the manager of the laundromat discovered that it had been broken into, although nothing was apparently taken. The defendant was later apprehended along with another boy, both of whom had change in their pockets. This court reversed the conviction for burglary and theft because, even assuming the defendant had entered the building, no evidence whatever was adduced that he committed, or intended to commit a crime within the laundromat.

Similarly, in *Jacobs*, a police officer was stationed inside a vacant apartment during a stake-out of those premises. The defendant entered the locked apartment late one evening carrying a screwdriver and was immediately arrested by the officer. He was subsequently convicted under an indictment charging entry with intent to commit theft. We reversed the burglary conviction because the defendant's intent to commit a theft at the time of entry was in no way demonstrated by his mere entrance into an occupied premise.

Instantly, we have little difficulty in distinguishing those two cases. Both *Larkins* and *Jacobs* required considerable imaginative leaps to bridge the evidentiary gap and impute an intent to steal to the defendant. No such tortuous exercise is required here.

The judgment of sentence is therefore affirmed.