439 A.2d 770

**COMMONWEALTH of Pennsylvania,**

v.

**Andre WILSON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 2, 1981.

Filed Jan. 5, 1982.

Alan Ellis, Philadelphia, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

WATKINS, Judge:

In this appeal the defendant contends that the court erred in denying his motion in arrest of judgment.

The defendant was found guilty after a trial by jury of robbery, theft, recklessly endangering the life of another person, violations of the Uniform Firearms Act and criminal conspiracy. Post-trial motions were filed, his motion for a new trial was granted and his motion in arrest of judgment was denied. He appeals from this denial.

Two questions are involved in this appeal: (1) defendant's contention that the evidence was insufficient to sustain the guilty verdict; and (2) that *Pa.R.Crim.Pro. 1100* was violated.

On January 22, 1979, the defendant, Andre Wilson, entered Spain's Gift Shop in the Cheltenham Mall. He was met by the cashier, Molly Gartner, who was helping him select greeting cards and who did not testify due to illness. The store manager, Jean Meadows, together with Gartner, waited on him. A saleslady, Geraldine Dinter, testified that between 11 and 11:30 a. m., his actions in walking about the store were suspicious and made her nervous. He left the store. The witnesses then saw a short, black man, never identified, with his arm around Ms. Gartner's waist brandishing a pistol. At the same time she saw the defendant who had reentered the store standing near the cash register. Ms. Dinter, Meadows and Gartner were forced by the gunman to lie on the floor and cover their faces. They heard the cash register open and money being taken out.

Another witness coming into the store was met by the gunman leaving and he took her handbag. A fourth witness testified that the defendant brushed passed her in leaving the store quickly at the same time.

The police were called and $88 was found to be missing, as well as the witness' handbag containing cash and credit cards. Less than 3 hours later the defendant was arrested, credit cards, money and clothing were taken from him. The credit cards were suppressed. The money consisted of 52-one dollar bills.

■ Mere presence at the scene of the crime is not alone sufficient to convict. *Commonwealth v. Mitchell*, 270 Pa. Superior Ct. 146, 411 A.2d 221 (1979). Nor is flight alone sufficient. *Commonwealth v. Roscoli*, 454 Pa. 59, 309 A.2d 396 (1977). But those factors taken together in conjunction with other circumstantial evidence may provide a sufficient basis for conviction. *Commonwealth v. Dennis*, 236 Pa. Superior Ct. 348, 344 A.2d 713 (1975). See also, *Commonwealth v. Viall*, 278 Pa. Superior Ct. 613, 420 A.2d 710 (1980).

■ The defendant was in the store in the vicinity of the cash register when the gunman entered. His conduct was suspicious. He left the store at the same time as the gunman. The gunman ordered everybody on the floor but the defendant. He was arrested a short time after the theft and found in possession of 52-one dollar bills. The direct and circumstantial evidence taken as a whole are sufficient to sustain the verdict and the court below did not abuse its discretion in denying the motion in arrest of judgment.

Defendant claims that he did not knowingly waive *Rule 1100* and, as the burden is on the Commonwealth to show a knowing and intelligent waiver which he alleges the state failed to show, he is entitled to discharge.

■ The facts are that the defendant signed a motion for trial postponement on June 15, 1979 with the advice of his counsel. The Commonwealth has the burden to establish that the waiver of *Rule 1100* was knowingly, intelligently and voluntarily made. *Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979); *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977). However, in *Commonwealth v. Myrick*, 465 Pa. 288, 349 A.2d 910 (1976), it was held that a waiver signed by the defendant is a sufficient record that the waiver was prima facie evidence of an informed and voluntary action. The defendant failed to offer any testimony at the hearing of March 27, 1980 that the signed motion for trial postponement was signed involuntarily and

without knowledge. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980).

Order affirmed.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

I must dissent. Here, the evidence, even with the reasonable inferences that the jury could have drawn, does not establish that appellant, Andre Wilson, was guilty *beyond a reasonable doubt.* Therefore, this writer cannot applaud the majority's decision which finds that "[t]he direct and circumstantial evidence taken as a whole are sufficient to sustain the [jury's] verdict". At p. 771. The most that can be said is that the jury was allowed impermissibly to speculate on facts which are not borne out by the record. Hence, this dissent.

The circumstantial evidence which was presented by the prosecution at trial established that: (1) appellant had entered the store prior to the theft; (2) appellant left the store before the theft; (3) appellant had reentered the store and was standing "near" the cash register at the same time that an unidentified man was brandishing a pistol around a saleslady's waist; and (4) that appellant brushed past someone and appeared to be leaving the store quickly through a different exit at the same time that the gunman was leaving.

Although this evidence established appellant's presence at the scene of the crime, and even assuming that appellant's departure from the store a second time was evidence of flight, the evidence was insufficient to establish appellant's guilt beyond a reasonable doubt.

This Court's decision in *Commonwealth v. Keller*, 249 Pa.Super. 384, 378 A.2d 347 (1977), is similar to the instant case. In *Keller*, the defendant was accused of theft of money from a coin box in a car wash. The prosecution's evidence established appellant's presence with two other young men at the scene of the coin box, and also established

that when a bystander approached the defendant, he jumped in a car and left. A further examination revealed that one of the coin boxes was missing and the other was damaged. On these facts, this Court concluded that the evidence of appellant's guilt was insufficient to establish theft. This Court said:

"The mere presence of an individual at the scene of a crime is not a sufficient circumstance upon which guilt may be predicated. *Commonwealth v. Bailey*, [448 Pa. 224, 292 A.2d 345] supra; *Commonwealth v. Garrett*, 423 Pa. 8, 222 A.2d 902 (1966); *Commonwealth v. Manson*, 230 Pa.Super. 527, 327 A.2d 182 (1974). *Moreover, the additional element of flight, which is as consistent with fear as with guilt, does not convert presence into proof of guilt. Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976); *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973).

Here, the evidence, even with the reasonable inferences that the factfinder could have drawn therefrom, cannot be said to have established appellant's guilt beyond a reasonable doubt. No evidence was introduced tending to show that appellant had tampered with the coin boxes or taken anything from them. The most that the Commonwealth has established to prove appellant's involvement is his presence at the car laundry and his flight therefrom." *Id.*, 249 Pa.Super. at 388, 378 A.2d at 349 (footnote omitted) (emphasis added)

Accord *In re Wood*, 277 Pa.Super. 606, 419 A.2d 1316 (1980); *Commonwealth v. Tingle*, 275 Pa.Super. 489, 419 A.2d 6 (1980); *Commonwealth v. Roach*, 260 Pa.Super. 261, 393 A.2d 1253 (1978).

In the instant case, no evidence was introduced which showed that appellant had anything to do with the theft of the cash register. Additionally, appellant's departure from Spain's Gift Shop is as consistent "with the inference that appellant innocently happened upon the scene and fled out of fear as it is with the inference that appellant was a

participant in the [crime]." *Commonwealth v. Keller,* supra, 249 Pa.Super. at 389, 378 A.2d at 350. This writer cannot agree, therefore, with the majority's wholesale rejection of this principle even though the majority has advanced no articulable reason why appellant's departure from the scene of the crime is not, in this case, as equally consistent with the inference that appellant fled out of fear.[1] Even appellant's presence on the scene, both immediately prior and subsequent to the commission of the crime, is insufficient in the absence of other facts indicative of appellant's participation of the crime to establish appellant's guilt beyond a reasonable doubt. See *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966). Accord *Commonwealth v. Tilman,* 273 Pa.Super. 416, 417 A.2d 717 (1980).

The majority attempts to fill in the holes of the prosecution's case by stating that appellant's presence "taken together in conjunction with *other* circumstantial evidence

1. Our own Supreme Court when addressing this point has said:
"The evidentiary value of flight, however, has depreciated substantially in the face of Supreme Court decisions delineating the dangers inherent in unperceptive reliance upon flight as indicium of guilt. We no longer hold tenable the notion that 'the wicked flee when no man pursueth, but the righteous are as bold as a lion.' The proposition that 'one who flees shortly after a criminal act is committed or when he is accused of committing it does so because he feels some guilt concerning that act' is not absolute as a legal doctrine 'since it is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses.'
'With cautious application in appreciation of its innate shortcomings, flight may under particular conditions be the basis for an inference of consciousness of guilt. *But guilt, as a factual deduction, must be predicated upon a firmer foundation than a combination of unelucidated presence and unelucidated flight.* Here there was no evidentiary manifestation that the appellant was prompted by subjective considerations related in anywise [sic?way] to the crime. Moreover, as the evidence disclosed, appellant had several convictions prior to the affair in suit, and these might well have dictated when seemed to him to be best. *Absent anything more, there was no more basis for attributing his flight to complicity in the robbery than to a purpose consistent with innocence.'* [Footnotes omitted.] *Commonwealth v. Rosciolo,* 454 Pa. 59, 66 n. 6, 309 A.2d 396, 400 n. 6, (quoting *Bailey v. United States,* 135 U.S.App.D.C. 95, 416 F.2d 1110, 1114–1115 (D.C.Cir.1969) (emphasis added).

may provide sufficient basis for conviction. *Commonwealth v. Dennis*, 236 Pa. Superior Ct. 348, 344 A.2d 713 (1975). See also, *Commonwealth v. Viall*, 278 Pa. Superior Ct. 613, 420 A.2d 710 (1980)." [2] Following this statement, the majority attempts to set forth the other evidence, direct and circumstantial, of appellant's guilt, i.e., appellant was in the vicinity of the cash register when the gunman entered; appellant's conduct was suspicious; the gunman ordered everybody on the floor except the appellant; and appellant was in possession of "52-one dollar bills" when arrested three hours later.[3] at p. 771.

First of all, appellant's possession of "52-one dollar bills", which the majority relies upon to establish direct evidence of guilt, is also as consistent with innocent acquisition. There is no evidence that the one dollar bills were the ones stolen from Spain's Gift Shop. See *Commonwealth v. Bailey*, 250 Pa.Super. 402, 378 A.2d 998 (1977). Additionally, there was no evidence on the record that "52-one dollar bills" are an unusual denomination or quantity such that its mere possession gives rise to an inference of guilt. But see *Commonwealth v. Wilson*, 394 Pa. 588, 606, 148 A.2d 234, 244 (1950) ("The possession of currency by one person *shown to have been in the possession of the victim of a robbery* is evidence that such person was a party to the robbery."); *Common-*

2. This writer notes that the primary case relied upon by the majority, *Commonwealth v. Dennis*, supra, does not support the legal proposition cited. The issue in *Dennis* was whether the police had established "the probability [probable cause] that criminal activity was afoot" (i.e., prowling) in order to support an arrest and subsequent search of appellant's person. *Id.* 236 Pa. Superior Ct. at 351, 344 A.2d at 715. A different, and much higher standard, applies, however, when reviewing a claim that a conviction is not supported by evidence of guilt. That standard is the *reasonable doubt standard.*

3. The trial court's opinion establishes that appellant had in his possession $122.00 in bills and $6.79 in change when arrested. Trial Court's Opinion at p. 5. Among the $122.00 in bills were "52-one dollar bills". *Id.* The evidence also showed that the total amount stolen was $88.00. Thus, any connection between the $122.00 in bills, including the "52-one dollar bills", is equally consistent with innocent acquisition.

*wealth v. Addison*, 271 Pa.Super. 273, 277–78, 413 A.2d 402, 404 (1979) (where the jury could infer guilt from the fact that appellant "had a large quantity of quarters on his person, and because the damaged pool table accepted only quarters".); *Commonwealth v. Sears*, 188 Pa.Super. 31, 34–35, 146 A.2d 79, 80 (1959) (where the jury properly could "infer exclusive possession and theft from the fact that defendant stood there with a stolen, marked bill in his hand and with another stolen, marked bill *amid the [sic] many of the similar and unusual denomination* in the trash can three feet away"). Absent any other evidence linking the "52-one dollar bills" with the ones stolen from Spain's Gift Shop, appellant's possession of the bills does not give rise to an inference of guilt. This Court has said that:

> "When two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, *a jury must not be permitted to guess which inference it will adopt*, especially when one of the two guesses may result in depriving of his life or liberty." *Commonwealth v. Donald*, 192 Pa.Super. 276, 161 A.2d 915, 918 (1960) (emphasis added). Accord *Commonwealth v. Rothman*, 226 Pa.Super. 319, 310 A.2d 353 (1973).

Thus, the jury should not have been allowed to speculate in the instant case on whether appellant's possession of the bills and his flight from the scene of the crime were consistent with criminal activity.

Moreover, the other circumstantial evidence relied upon by the majority showed that appellant was in the vicinity of the cash register when the gunman entered, that appellant's conduct was suspicious, and that the gunman ordered everybody on the floor but the appellant. While the evidence raises a possibility that appellant was involved indirectly in criminal activity, it does not establish *beyond a reasonable doubt* that appellant was guilty of robbery, theft, recklessly endangering the life of another person, violations of the Uniform Firearms Act, and criminal conspiracy. Therefore, appellant is entitled to be discharged.