469 A.2d 1121

**COMMONWEALTH of Pennsylvania**

v.

**Michael J. ROSETTI, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 1983.

Filed Dec. 23, 1983.

Jack J. Bulkin, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and HESTER and LIPEZ, JJ.

HESTER, Judge:

 This is an appeal from judgment of sentence of the Court of Common Pleas of Philadelphia County, Pennsylvania. Appellant was convicted of criminal trespass and sentenced to a period of between 30 and 60 days to be followed by a period of probation for 3 years, the sentence of probation conditioned upon the attendance by appellant at a drug rehabilitation program and payment of $50.00 restitution. In this appeal, appellant challenges whether the evidence was sufficient to support the conviction.[1]

 In reviewing a challenge to the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, together with all inferences flowing therefrom and determine whether the factfinder could have reasonably found all elements of the crime established beyond a reasonable doubt. *Commonwealth v. Bachert*, 499 Pa. 398, 453 A.2d 931 (1982), cert. denied 460 U.S. 1043, 103 S.Ct. 1440, 75 L.Ed.2d 797;

---

1. Appellant also contests the legal consistency of his conviction of criminal trespass because he was acquitted of conspiracy. While the statutory definition of conspiracy (18 Pa.C.S.A. § 903) and complicity (18 Pa.C.S.A. § 306) are similar, one can aid another in the commission of a crime irrespective of whether an agreement to do so existed. *Commonwealth v. Boykin*, 276 Pa.Super. 56, 419 A.2d 92 (1980), rev'd on other grounds, 501 Pa. 250; 460 A.2d 1101 (1983). Also, we summarily reject appellant's other claim the trial judge relied upon purported inadmissible hearsay by virtue of reference in his opinion to an officer's testimony explaining the officer's course of conduct in responding to a radio call regarding the criminal trespass. See *Commonwealth v. Matthews*, 314 Pa.Super. 38, 460 A.2d 362 (1983).

*Commonwealth v. Kennedy,* 499 Pa. 389, 453 A.2d 927 (1982); *Commonwealth v. Everett,* 297 Pa.Super. 320, 443 A.2d 1142 (1982).

So viewed, the evidence establishes the following: At approximately 10:30 a.m. on August 20, 1981, Joseph Ritorto, age 12, and his younger brother, were inside their family's home at 1218 Tasker Street in Philadelphia, when Joseph heard a knocking sound at the front door. Joseph went to the front door and saw appellant about 20 feet from the Ritorto home, near Iseminger Street. Joseph clearly observed appellant for a few seconds, closed the front door and went back upstairs. Joseph again heard a knocking downstairs and returned to a point partially down the stairway, where he saw another man through a small window in the door. The phone rang and Joseph went back upstairs to answer it. He spoke to his mother who was on the line, told her someone was attempting to enter the home and that another man was halfway up the stairs but fled when he heard the phone conversation.

At the time of the aborted break-in, a neighbor of the Ritorto family was exiting a house located around the corner from the Ritorto home when appellant and the other man Joseph had encountered ran past her. The neighbor testified the two men conversed as they ran, although she could not discern what was said. She also observed appellant's companion hiding something under his shirt. After appellant and the other man ran past her, the witness saw Joseph's grandfather, whom Joseph had called, running across the street. She went to the Ritorto home and asked if anyone had been there. Joseph told her what had happened. She called the police and gave a description of the two men she saw running.

Shortly thereafter, two police officers on duty in the vicinity responded to a radio call regarding a burglary in progress at 1218 Tasker Street. The broadcast described two white males as suspects, one wearing a white tee-shirt and the other, appellant, wearing a brown striped shirt. The officers proceeded to the scene when they observed a

man fitting the description of appellant alight from a car double parked four blocks from Tasker Street on Rosewood Street. The other man in the car also fit the description broadcast. Appellant was observed knocking on a door of a house on Rosewood Street. Appellant, after knocking, returned to the car. The car proceeded down the street until the officers blocked its path, stopped it, and required appellant and his companion to get out of the car. The officers patted them down and discovered a pipe wrench in the possession of appellant's companion. The wrench, opened to the exact size of the door knob of the front door of Ritorto home, contained gold flex similar in color to the door knob. The officers took appellant and his companion to the scene where Joseph Ritorto identified appellant as the man who had stood outside of his home. Joseph also identified appellant's companion as the man who entered the home. Cosimeo Ritorto, Joseph's father, upon his return home found the front door lock broken and the police present.

Appellant contends his conviction of criminal trespass was rendered a product of mere suspicion and lacked sufficient evidential support. We disagree.

■ An individual is guilty of criminal trespass if "knowing that he is not licensed or privileged to do so, he ... breaks into any building or occupied structure." See 18 Pa.C.S.A. § 3503(a)(1)(ii). Appellant was convicted of criminal trespass by virtue of his accomplice status. Section 306 of the Pennsylvania Crimes Code (18 Pa.C.S.A. § 306) imputes criminal responsibility to an individual who "aids, agrees or attempts to aid a person in the planning or commission of a crime, providing such aid, agreement or attempt is done with the purpose of furthering the criminal design." *Commonwealth v. Everett*, 297 Pa.Super. 320, 327, 443 A.2d 1142, 1145 (1982). An individual may be the actual perpetrator of the crime; however, "another person is equally criminally liable if he aids that person with the intent of promoting that person's act." *Id.*, 297 Pa.Superior Ct. at 327, 443 A.2d 1145. Because of shared criminal

intent, an actor and his accomplice share equal criminal responsibility. See, *Commonwealth v. Bradley*, 481 Pa. 223, 392 A.2d 688 (1978), cert. denied 440 U.S. 938, 99 S.Ct. 1286, 59 L.Ed.2d 498.

■ To establish complicity, mere presence at the scene of a crime and knowledge of the commission of criminal acts is not sufficient. *Commonwealth v. Everett*, 297 Pa.Super. 320, 443 A.2d 1142 (1982); See also *Commonwealth v. Fields*, 460 Pa. 316, 333 A.2d 745 (1975). Nor is flight from the scene of a crime, without more, enough. *Commonwealth v. Fields*, 460 Pa. 316, 333 A.2d 745 (1975); *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Wilson*, 294 Pa.Super. 101, 439 A.2d 770 (1982). However, those factors combined, along with other direct or circumstantial evidence may provide a sufficient basis for a conviction, see *Commonwealth v. Wilson*, 294 Pa.Super. 101, 439 A.2d 770 (1982), provided the conviction is predicated upon more than mere suspicion or conjecture. *Commonwealth v. Fields*, 460 Pa. 316, 333 A.2d 745 (1975); *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973).

■ In essence, the evidence, viewed in the light most favorable to the Commonwealth, together with all reasonable inferences flowing therefrom establishes Joseph Ritorto saw only appellant outside his home when the crime began. A few moments later, Joseph observed appellant's companion breaking into his home. After this discovery by Joseph, appellant and his companion immediately fled. A witness saw both men running and conversing a short time thereafter and only a few blocks from the Ritorto home. She also observed appellant's companion hiding an object underneath his shirt. Soon thereafter, the police, responding to the burglary at the Ritorto home, observed appellant and his companion conducting suspicious activity in the same neighborhood and detained them. A pipe wrench was discovered on appellant's companion. Appellant and his companion were taken to the Ritorto home and positively identified by Joseph.

In our view, the evidence sufficiently establishes appellant aided his companion with the intent of facilitating his

companion's criminal acts. It is clear the trial judge, as factfinder, reasonably inferred appellant had knowledge his companion had a pipe wrench and intended to use it to break into the Ritorto home. Moreover, it was reasonable to infer that appellant, observed by Joseph loitering in the front of the home while his companion twice attempted to break-in, served as a lookout during the commission of the crime until fleeing with his companion.

The continuing interaction of appellant and his companion indicates a design on the part of appellant to afford aid and consent to the criminal acts of his companion. But c.f. *Commonwealth v. Tilman*, 273 Pa.Super. 416, 417 A.2d 717 (1980). As such, his conviction was not based on mere suspicion, conjecture or wholly on inference. Furthermore, no evidence exists which would permit the factfinder to have reasonably inferred appellant innocently happened upon the scene and fled out of fear. See *Commonwealth v. Goodwin*, 465 Pa. 367, 350 A.2d 810 (1976); *Commonwealth v. Keller*, 249 Pa.Super. 384, 378 A.2d 347 (1977). We therefore find the trial judge properly concluded the evidence established beyond a reasonable doubt appellant's complicity in the criminal trespass of the Ritorto home.

Judgment of sentence affirmed.