454 A.2d 132

COMMONWEALTH of Pennsylvania

v.

**Orlando McCREA, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 3, 1982.

Filed Dec. 30, 1982.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane Culter Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, ROWLEY and VAN der VOORT, JJ.

ROWLEY, Judge:

On April 23, 1981, appellant was convicted, after a non-jury trial, of attempted burglary and possessing instruments of crime (a pair of pliers and a pocket knife). Post-trial motions were filed and denied and appellant was sentenced to time served for possessing instrument of crime and three years probation for attempted burglary. This appeal followed.

Two issues are raised on appeal: 1) Was the evidence sufficient to support the convictions?; and 2) Did appellant's sentence violate 18 Pa.C.S.A. § 906, which bars conviction of more than one inchoate crime?

The following evidence was presented at trial. At approximately 2:55 A.M. on May 31, 1980, Officer Ommit Levine went to the Park's Farm Market at 5131 Woodland Ave., Philadelphia, in response to a police radio call. The officer, carrying a flashlight, entered the alley behind the market. This alley was described as being six to seven feet wide and L-shaped. The only means of access to or exit from the alley, other than from Woodland Ave., would be by climbing a six to seven foot brick wall at the rear of the alley. The officer observed appellant, who was in the process of urinating, about twenty feet into the alley. He waited until appellant had finished, then told him to place his hands on the wall. Appellant then "took his right hand to reach into his belt to grab some object". The officer "grappled" with appellant, forced him to the ground, and took a pair of pliers from inside his belt. After handcuffing him, the officer found a pocket knife in appellant's right front pocket. Because the blade was bent, the knife would only close part way.

Other officers arrived at the alley and the area was searched. A jackbase with a smudge of aqua colored paint on it was found approximately four feet from where appellant was standing. Around the corner of the L-shaped alley, approximately ten to twelve feet [1] from where appellant was first observed, a one foot by one foot hole was discovered in the cinderblock wall of the market, which was painted aqua. The hole did not go through the wall.

The only other witness presented by the Commonwealth was the owner of the market, who testified that the hole had not been there when he had closed the store the previous evening.

Appellant presented no evidence.

The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth, the trier of fact could reasonably have

---

**1.** On direct examination, the officer testified that the hole was approximately six feet from appellant. However, on cross-examination he admitted that the correct distance was actually ten or twelve feet, as he had testified at the preliminary hearing.

found that all of the elements of the crime had been established beyond a reasonable doubt. *Commonwealth v. Robson,* 461 Pa. 615, 337 A.2d 573 (1975). Circumstantial evidence alone may be sufficient to sustain a conviction. *Commonwealth v. Jacobs,* 247 Pa.Super. 373, 372 A.2d 873 (1977). However, a conviction must be based upon more than mere suspicion or conjecture. *Commonwealth v. Rambo,* 488 Pa. 334, 412 A.2d 535 (1980).

■ All that the Commonwealth has proven in this case is that appellant was urinating in an alley at 2:55 A.M., approximately ten to twelve feet around the corner from a hole in the wall of a store. Mere presence at the scene of a crime is insufficient to sustain a conviction. *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966).

Although appellant had a pair of pliers and a broken knife in his possession, there was no dust or paint on them. There was no evidence that they had any relationship to the attempted crime or that appellant intended to use them for any criminal purpose. Although a jackbase was found four feet from where appellant was standing, the trial court concedes in its opinion that there was reasonable doubt that the jackbase was ever in appellant's possession.

The trial court analogizes the fact that appellant did not "peaceably surrender" to an attempt to flee the scene. However, the additional element of flight, which is as consistent with fear as with guilt, does not convert mere presence into proof of guilt. *Commonwealth v. Goodman,* 465 Pa. 367, 350 A.2d 810 (1976).

■ Even viewing this record in the light most favorable to the Commonwealth, we must conclude that the evidence in this case was not sufficient to sustain either the conviction of attempted burglary or the conviction of possessing instruments of crime. Accordingly, the Judgment of Sentence will be vacated.

In view of of our disposition of the sufficiency question, it is not necessary for us to address the issue relating to appellant's sentence.

Judgment of sentence vacated. Appellant is discharged.