479 A.2d 603

**COMMONWEALTH of Pennsylvania**

v.

**Patrick CARPENTER, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1984.

Filed Aug. 3, 1984.

Samuel C. Stretton, West Chester, for appellant.

Jill E. Baratz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Patrick Carpenter, a/k/a James Merriman, was tried non-jury and was found guilty of burglary, criminal trespass, and criminal conspiracy in connection with a breaking and

entering at a children's clothing store in Philadelphia on the morning of Sunday, October 18, 1981. On direct appeal, after post-trial motions had been denied and sentence imposed, the only argument made is that the evidence was insufficient to sustain the finding of guilt. We reject this argument and affirm the judgment of sentence.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth. The test is whether the evidence thus viewed, together with all reasonable inferences to be drawn therefrom, is sufficient to prove guilt beyond a reasonable doubt. See: *Commonwealth v. Stoyko*, 504 Pa. 455, ——, 475 A.2d 714, 718 (1984); *Commonwealth v. Hamm*, 325 Pa.Super. 401, 407–408, 473 A.2d 128, 131 (1984); *Commonwealth v. Taylor*, 324 Pa.Super. 420, 424, 471 A.2d 1228, 1229 (1984). It is settled beyond question that while a conviction may not be based solely upon conjecture or surmise, the Commonwealth may rely upon circumstantial evidence to sustain its burden of proof. *Commonwealth v. Pronkoskie*, 498 Pa. 245, 248, 445 A.2d 1203, 1205 (1982); *Commonwealth v. Gordon*, 329 Pa.Super. 42, ——, 477 A.2d 1342, 1347 (1984); *Commonwealth v. Leatherbury*, 322 Pa.Super. 222, 228, 469 A.2d 263, 266 (1983); *Commonwealth v. McCrea*, 308 Pa.Super. 284, 287, 454 A.2d 132, 133–134 (1982).

On the morning of October 18, 1981, police were summoned to Cramer's Kiddy Shop, a retail clothing store on Frankford Avenue. The store, which was not then open for business, occupied a two-story building which was attached on both sides to other buildings. A row of buildings was situated in the shape of an L, and roofs of varying heights permitted passage over and across the same. Officer Frank Valerio arrived at the clothing store at or about 9:30 a.m., where he was joined by Officers Foglia and Bogart. They heard footsteps on the roof, and when Valerio and Foglia, together with the owner, went to the second floor, they discovered a hole, two feet by two feet, in a wall with access to the roof. A wooden exterior had been pried off, and someone had cut through an interior, white, plaster board wall. Valerio went out through the hole and found

himself covered with a white plaster residue. He observed two males climbing down from the roof along the side of a nearby building. Bogart, who had previously gone to the rear of the store, observed appellant drop from a connecting roof. When Bogart attempted to apprehend appellant, a brief struggle ensued, but appellant was quickly subdued. His hands were exceptionally dirty, and his clothes were covered with a white plaster residue. He gave police a false name and address and gave an incorrect age. A juvenile was apprehended moments later by another officer as the juvenile reached ground level. Fourteen children's snow suits and a crowbar were found in the alley behind the store; the snow suits had been removed, without consent, from the children's store.

This evidence was sufficient to sustain the findings of the trial court. The Commonwealth showed considerably more than the fact of appellant's presence at the scene of the crime and his attempt to evade apprehension. See and compare: *Commonwealth v. Keblitis,* 500 Pa. 321, 324, 456 A.2d 149, 151 (1983); *Commonwealth v. Goodman,* 465 Pa. 367, 370–371, 350 A.2d 810, 811–812 (1976); *Commonwealth v. Stores,* 317 Pa.Super. 109, 117, 463 A.2d 1108, 1112–1113 (1983); *Commonwealth v. McCrea, supra,* 308 Pa.Super., at 287, 454 A.2d at 134. Police interrupted a burglary in progress on a Sunday morning and observed appellant jumping from the roof of an adjoining building. After he had struggled with the arresting officer and had been subdued, his clothing was found to be covered with a plaster residue similar to that accumulated by Officer Valerio when he went through the hole in the wall through which the burglars had gained entrance to the store. From this evidence, the fact finder could infer that appellant had been a participant in the burglary and not an innocent bystander. See: *Commonwealth v. Cimaszewski,* 447 Pa. 141, 288 A.2d 805 (1972) (rooftop apprehension at or near time of burglary); *Commonwealth v. Viall,* 278 Pa.Super. 613, 420 A.2d 710 (1980) (same); *In the Interest of Gonzalez,* 255 Pa.Super. 217, 386 A.2d 586 (1978) (same). See also and compare: *Commonwealth v. Lovette,* 498 Pa. 665, 450

A.2d 975 (1982), *cert. denied,* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983) (mud on shoes, linking defendant to burglary). Cf. *Commonwealth v. Desabetino,* 317 Pa.Super. 561, 464 A.2d 465 (1983) (proximity to premises and stolen goods outside building plus flight); *Commonwealth v. Swift,* 291 Pa.Super. 90, 435 A.2d 234 (1981) (defendant linked to burglary by tracks from scene and false statements). Moreover, appellant's attempt to conceal his true identity following apprehension in this case permitted an additional inference that appellant's acts were committed with a consciousness of guilt. See: *Commonwealth v. Glass,* 486 Pa. 334, 346–347, 405 A.2d 1236, 1242 (1979) (plurality opinion); *Commonwealth v. Cristina,* 481 Pa. 44, 53–54, 391 A.2d 1307, 1312 (1978) (plurality opinion), *cert. denied,* 440 U.S. 925, 99 S.Ct. 1255, 59 L.Ed.2d 479 (1979); *Commonwealth v. Calloway,* 313 Pa.Super. 173, 181, 459 A.2d 795, 799 (1983).

Under these circumstances, the trier of the facts could reasonably conclude that appellant had entered the clothing store and had participated in the removal therefrom of the children's snow suits. The court could also find that at least one other person had acted in concert with appellant to enter the store and remove therefrom that merchandise which was found in the alley.

The judgment of sentence is affirmed.