498 A.2d 917

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert H. FOX, Appellee.**

Superior Court of Pennsylvania.

Argued May 15, 1985.

Filed Sept. 13, 1985.

Petition for Allowance of Appeal Denied March 6, 1986.

Charles S. Hersh, Assistant District Attorney, Hermitage, for Commonwealth, appellant.

Lorinda L. Hinch, Assistant Public Defender, Mercer, for appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

Robert Fox was tried by jury and was found guilty of an attempt to commit criminal trespass.[1] The trial court granted a motion in arrest of judgment because it deemed the evidence insufficient to sustain the convictions. The Commonwealth appealed. We reverse.

A criminal trespass occurs when a person, knowing that he is not privileged to do so, breaks into a building. 18 Pa.C.S. § 3503(a)(1)(ii). An attempt occurs when a person, with intent to commit a specific crime, does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S. § 901.

Although the Commonwealth must establish each and every element of the offense charged beyond a reasonable

1. The same jury acquitted Fox of attempted burglary.

doubt, it can rely in whole or in part on circumstantial evidence. *Commonwealth v. Stanley*, 453 Pa. 467, 468–469, 309 A.2d 408, 410 (1973); *Commonwealth v. Carter*, 329 Pa.Super. 490, 497, 478 A.2d 1286, 1288–1289 (1984). Nevertheless, a conviction must be based on more than conjecture or suspicion. *Commonwealth v. Stores*, 317 Pa.Super. 109, 117, 463 A.2d 1108, 1112 (1983); *Commonwealth v. Larkins*, 235 Pa.Super. 19, 21, 341 A.2d 204, 205 (1975). The test for sufficiency is whether, accepting as true, all the evidence and all the reasonable inferences deducible from the evidence upon which the trier of fact could have based the verdict, the evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Rambo*, 488 Pa. 334, 335–336, 412 A.2d 535, 536 (1980); *Commonwealth v. Carpenter*, 330 Pa.Super. 382, 384, 479 A.2d 603, 604 (1984); *Commonwealth v. Woodbury*, 329 Pa.Super. 34, 37, 477 A.2d 890, 891 (1984); *Commonwealth v. Taraschi*, 327 Pa.Super. 179, 185, 475 A.2d 744, 747 (1984). We consider the evidence in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Williams*, 468 Pa. 357, 365, 362 A.2d 244, 248 (1976); *Commonwealth v. Smith*, 333 Pa.Super. 155, 157–8, 481 A.2d 1352, 1353 (1984).

The evidence in this case established that on February 23, 1984, Corporal Edward Holiga of the Hermitage Police Department was parked in a marked cruiser car directly south of and across the road from Donofrio's Food Market. At approximately 11:15 p.m., Holiga was notified by radio of an alarm drop at Donofrio's. Holiga immediately crossed the street and used his spotlight to examine the front doors at the main entrance of the food market. Finding nothing amiss, he drove into the parking area at the north side of the building. There he observed that a pane of glass had been broken out of one of the windows in a rear garage door. As Holiga started to exit from his car, Fox emerged from behind a rubber curtain adjacent to the garage door. Holding a sweater and a jacket over his arm, Fox jumped from the loading dock and headed toward Holiga. Holiga drew his revolver and told appellee to stop.

Appellee continued walking until Holiga cocked his service revolver. At that point, Fox stopped, put down the sweater and jacket, and placed his hands on top of his head. He was then placed under arrest.

Mere presence at the scene of a crime, it has been held, is insufficient to sustain a verdict of guilty. *Commonwealth v. Keblitis,* 500 Pa. 321, 324, 456 A.2d 149, 151 (1983); *Commonwealth v. Carter, supra* 329 Pa.Super. at 498, 478 A.2d at 1290; *Commonwealth v. Olds,* 322 Pa.Super. 442, 447, 469 A.2d 1072, 1075 (1983). The additional element of concealment or flight, which is as consistent with fear as it is with guilt, does not convert mere presence into proof of guilt. *Commonwealth v. Swift,* 291 Pa.Super. 90, 93, 435 A.2d 234, 236 (1981); *Commonwealth v. Beauford,* 286 Pa.Super. 297, 300, 428 A.2d 1000, 1002 (1981). Thus, presence at the scene of the crime and flight or concealment, *without more,* do not establish guilt beyond a reasonable doubt. *Commonwealth v. Goodman,* 465 Pa. 367, 370, 350 A.2d 810, 811 (1976). However, when considered *together with other circumstantial evidence,* these facts may establish a sufficient basis for conviction. *Commonwealth v. Coyle,* 415 Pa. 379, 393, 203 A.2d 782, 789 (1964); *Commonwealth v. Wilson,* 294 Pa.Super. 101, 104, 439 A.2d 770, 771 (1982); *Commonwealth v. Cerzullo,* 175 Pa.Super. 330, 337, 104 A.2d 179, 182 (1954).

The Commonwealth in the instant case produced evidence that a silent alarm system had been set up in Donofrio's Food Market via Westinghouse Security in Pittsburgh. At approximately 9:15 p.m., closing time, the doors in the building were checked by a stockboy and then rechecked at a panel adjacent to the front door. This showed that all the doors had been properly locked. Movement thereafter triggered an alarm wired to Westinghouse Security in Pittsburgh. Westinghouse immediately contacted the Hermitage Police.

On February 23, 1984, the silent alarm went off at 11:11 p.m. Corporal Holiga was notified of the alarm drop between 11:12 and 11:16 p.m. It took him less than one minute to get from his parked car across the street to the

back door of Donofrio's. There, less than five minutes after the alarm went off, appellee was apprehended at the broken window in the rear door of Donofrio's when he emerged from his place of hiding behind a rubber curtain.

The Commonwealth's evidence also showed that broken glass and a piece of steel had been found inside the store and beneath the broken window. After Fox had emerged from his place of concealment and confronted Holiga, he said that he had seen a guy in a black jacket crawl through the broken window. No one was found inside. The Commonwealth also showed that the window was too small for a normal, adult person to crawl through. Finally, no other person was observed near the building at the time when Holiga approached.

The totality of this evidence was sufficient to permit the trier of the facts, in this case a jury, to conclude beyond a reasonable doubt that Fox had attempted to break into the store. His attempt, however, had been foiled by the silent alarm and Corporal Holiga's arrival immediately after the breaking of the glass in the window at the rear of the food market.

The order arresting judgment is reversed; the verdict of the jury is reinstated; and the case is remanded for further proceedings. Jurisdiction is not retained.