566 A.2d 1211

COMMONWEALTH of Pennsylvania, Appellee,

v.

Joseph D'ALONZO, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 11, 1989.

Filed Nov. 28, 1989.

Anna M. Durbin, Ardmore, for appellant.

Norman Gross, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

CAVANAUGH, Judge:

Appellant, Joseph D'Alonzo, appeals from a conviction following a non-jury trial. At trial a demurrer was sustained as to a burglary charge and he was adjudged not guilty of a charge of criminal conspiracy and theft. The court found him guilty of criminal trespass and defiant trespasser. Following denial of post-verdict motions, appellant was given a sentence of probation. His appeal attacks the sufficiency of the evidence to support the guilty verdict. We agree with appellant and reverse.

The Commonwealth called two witnesses. The testimony admitted into evidence when reviewed in a light most favorable to the verdict winning Commonwealth[1] was that at about 9:15 P.M. on Sunday, May 8, 1988, witness Bocella came into contact with appellant D'Alonzo near the Girard School at 18th & Snyder Ave. in Philadelphia. D'Alonzo's truck was parked nearby. D'Alonzo and a companion were seen to enter into the schoolyard at the Girard School. The companion, Johnny Russo, carried a hammer. Later the appellant was observed together with Russo loading boxes into the truck. The other witness, the building engineer of the Girard School, found evidence of a break-in on Monday morning at a steel gate which was at an ash pit that was used at one time and found evidence of vandalism in the school building. Tools and a hand truck were missing. The

---

1. *Commonwealth v. Griffin,* 511 Pa. 553, 515 A.2d 865 (1986).

steel gate that was ripped open was described as an old-fashioned cellar gate.

Appellant was convicted of the following defined crimes: Criminal Trespass—Buildings and occupied structures. 18 Pa.C.S.A. 3503(a):

Buildings and occupied structures.—

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

Defiant trespasser—18 Pa.C.S.A. 3503(b):

Defiant trespasser.—

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i) actual communication to the actor; or

(ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or

(iii) fencing or other enclosure manifestly designed to exclude intruders.

It is clear that there is no direct evidence and insufficient circumstantial evidence to support a conviction under 3503(a)(1)(ii) since there is no evidence that D'Alonzo ever entered or broke into the building. Moreover, the fact that he entered the schoolyard with a companion who had a hammer and was later seen loading boxes in a truck is insufficient to support a verdict under 3503(a)(1)(i) which involved entry or surreptitiously remaining in a building or occupied structure or separately secured or occupied portion thereof. It is to be noted that the "boxes" seen being loaded on the truck bear no resemblance to the only described goods missing from the premises (tools and hand truck). *See Commonwealth v. Cowher*, 276 Pa.Super. 490, 419 A.2d 564 (1980). In short, the evidence here was only

that appellant entered a schoolyard and was later seen to be loading boxes on a truck, and the matter is unlike cases where there was compelling evidence of an entry into the building. Compare *Commonwealth v. Fox*, 345 Pa.Super. 465, 498 A.2d 917 (1985); *Commonwealth v. Otto*, 343 Pa.Super. 457, 495 A.2d 554 (1985); *Commonwealth v. Carpenter*, 330 Pa.Super. 382, 479 A.2d 603 (1984).

Similarly, as to the charge of defiant trespasser, there is no evidence that D'Alonzo entered a "place" as to which notice of trespass is given. Under the statute, the notice may be by actual communication, posting, or fencing or enclosure manifestly designed to exclude intruders. The trial court, in support of the denial of post-verdict motions, opined that the yard of the school was a separately secured portion of the occupied structure, the school building, and that the yard was separately secured by a gate. However, it is clear that the schoolyard is not a *portion* of a building or occupied structure—nor, if we consider the schoolyard as "place" under 3503(b)(1)(iii), was there evidence that appellant entered the place where he had received notice of trespass by communication posting or fence or other enclosure manifestly designed to exclude intruders (there was no evidence that the schoolyard was surrounded by a fence and the broken gate referred to by the trial court was a gate to the cellar and not a gate to the schoolyard as stated by the court). Finally, the court, by adjudicating appellant of crimes based upon entry into the schoolyard impermissibly, went beyond the specific charges which involved entry into a school building.

In apparent recognition of its weak position on the sufficiency of the admitted evidence to support the verdict, the Commonwealth espouses the adoption of a novel theory that we also consider in our sufficiency determination, evidence that was proffered but stricken from the record by the trial judge as inadmissible. The evidence was an alleged statement made by appellant's companion Russo to the Commonwealth's first witness which, it is argued, if considered with the other evidence support the guilty ver-

dict. We know of no recognized theory or authority which would allow us to consider evidence which was *excluded* by the trial court in making a determination of the sufficiency of the evidence to support a guilty verdict, most importantly to affirm a verdict on the basis of evidence not properly before the court and, of course, not properly considered by the court in rendering its decision. The appellant argues that we may not consider the sufficiency of the evidence on a "reduced record". However, evidence not admitted at trial is not part of the cognizable trial record. Contrary to appellant's suggestion, the reduced or diminished record concept has to do with the appropriate remedy after a post-verdict or appellate court had determined that evidence was improperly *admitted* and holds that in these circumstances the remedy is not judgment n.o.v., but rather a new trial. See *Rodgers v. Sun Oil*, 189 Pa.Super. 559, 151 A.2d 673 (1959), rev'd. on other grounds, 406 Pa. 277, 177 A.2d 491 (1962); *Hughes v. John Hanna & Sons*, 187 Pa.Super. 466, 144 A.2d 617 (1958); *Finkleston v. Kapnek*, 184 Pa.Super. 174, 133 A.2d 310 (1957). The case *sub judice* is unlike additional authorities cited by the Commonwealth in support of its proposition. See *Commonwealth v. Nelson*, 320 Pa.Super. 488, 467 A.2d 638 (1985). (Superior Court majority found evidence sufficient without necessity of considering allegedly tainted evidence.) *Commonwealth v. Litzenberger*, 333 Pa.Super. 471, 482 A.2d 968 (1984). (Court correctly stated that in passing on sufficiency of evidence all "evidence adduced at trial" is considered [underlining added] citing *Commonwealth v. Fields*, 317 Pa.Super. 387, 464 A.2d 375 (1983)—"evidence actually received"; *Commonwealth v. Gray*, 322 Pa.Super. 37, 469 A.2d 169 (1983) —"evidence actually received").

In passing on the sufficiency of the evidence, we decline to consider evidence which was not admitted into evidence and was therefore not before the trial court.

Judgment of sentence reversed.