J. S27005/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
CHRISTOPHER LEITNER, : No. 186 EDA 2011
:
Appellant :

Appeal from the Judgment of Sentence, October 13, 2010,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000137-2010

BEFORE: FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 10, 2015**

Appellant, Christopher Leitner, appeals from the October 13, 2010 judgment of sentence imposing a term of five to ten months' imprisonment with immediate parole followed by three years' probation, and entered after a bench trial where appellant was found guilty of criminal trespass, 18 Pa.C.S.A. § 3503(a)(1). After careful review, we affirm.

The facts underlying this appeal, as summarized by the trial court, are as follows:

> On October 18, 2009, at approximately 1:30 p.m., Officer McCarthy was on duty in the area of 1452 East Wilt Street in the City and County of Philadelphia. (Notes of Testimony from 10/13/10 (hereinafter N.T.) at 11) Officer McCarthy was in uniform and working solo in a marked police car. He responded to a home at that address after receiving a radio call and arrived at the same time as Officer Fisher, also solo and also in uniform and a

---

* Former Justice specially assigned to the Superior Court.

marked police car. Officer McCarthy exited his vehicle and noticed a for sale sign on the home and broken glass on the sidewalk by a basement window. (N.T. at 12) Officer McCarthy attempted to enter through the front door, which was locked. He then went down an alleyway and hopped a fence into the backyard. He and Officer Fisher entered the house through an unlocked rear door. Upon entering the dining room, Officer McCarthy saw Appellant coming upstairs from the basement with a black duffle bag. Upon seeing the Officers, Appellant dropped the bag and ran for the front door. (N.T. at 13) The officers quickly secured Appellant who stated that he was working on the home. (N.T. at 14) Appellant was wearing a black sweatshirt and Dickies, not a uniform, and there was no work truck outside the home. (N.T. at 15) Officer McCarthy testified that the home was vacant but had recently been renovated and that the work appeared to be completed (N.T. at 16-17). The officers recovered the black duffle ba[g], which contained approximately twenty pounds of used copper piping. (N.T. at 14)

Trial court opinion, 12/4/14 at 1-2.

Appellant was charged with burglary, theft by unlawful taking, receiving stolen property, criminal mischief, and criminal trespass. At the conclusion of his bench trial, appellant was found guilty of criminal trespass, graded as a felony of the third degree. Appellant was found not guilty of the remaining charges. Immediately following his trial, appellant was sentenced to five to ten months' incarceration with immediate parole plus three years' reporting probation. No direct appeal was filed.

On December 10, 2010, the trial court granted appellant's petition for allowance of appeal *nunc pro tunc* and reinstated his direct appeal rights.

On January 10, 2011, appellant filed a timely notice of appeal.[1]  The trial court failed to order appellant to file a concise statement of errors complained of on appeal and, on August 16, 2013, wrote an opinion stating any appellate issues were waived.  On October 21, 2013, this court granted appellant's motion to vacate briefing schedule, remand for completion of the record, and directed the trial court to issue a Rule 1925(b) order.  On March 18, 2014, appellant filed his Rule 1925(b) statement, and the trial court filed an opinion on December 4, 2014.

Appellant presents one issue for our review:

> Was not the evidence presented insufficient as a matter of law to sustain appellant's conviction for criminal trespass as a felony of the third degree, where evidence of flight alone cannot support a conviction and the trial court stated that non-criminal reasons could have explained appellant's presence in the property?

Appellant's brief at 4.

> When reviewing a claim challenging the sufficiency of the evidence, we apply the following standard:
>
> > [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying [the above] test, we may not weigh the evidence and substitute our

---

[1] The 30th day to file a timely notice of appeal fell on Sunday, January 9, 2011.  Consequently, that day is not included in the computation of time.  *See* 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time).

> judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

> ***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa.Super.2003) (quoting ***Commonwealth v. Gooding***, 818 A.2d 546, 549 (Pa.Super.2003), ***appeal denied***, 575 Pa. 691, 835 A.2d 709 (2003)).

***Commonwealth v. Jannett***, 58 A.3d 818, 819-820 (Pa.Super. 2012).

The Pennsylvania Crimes Code defines Criminal Trespass, in pertinent part, as follows:

> **§ 3503. Criminal trespass**
>
> **(a) Buildings and occupied structures.--**
>
> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
>
> > (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or

- 4 -

separately secured or occupied
portion thereof[.]

18 Pa.C.S.A. § 3503(a)(1)(i). In accordance with these provisions, "[t]he crime of criminal trespass is committed when a person enters a building or occupied structure knowing that he is not licensed to do so." *Commonwealth v. Thomas*, 561 A.2d 699, 709 (Pa. 1989). There is a scienter requirement to criminal trespass that the Commonwealth must prove in order to convict; namely, the Commonwealth must prove that the defendant reasonably knew that he was not permitted to be on the property. *See*, *e.g.*, *Commonwealth v. Jones*, 912 A.2d 815 (Pa. 2006) (criminal trespass requires awareness of lack of privilege to enter).

Appellant concedes he was in the house. However, he argues the Commonwealth failed to prove that he lacked permission to be there. Appellant contends the Commonwealth failed to present an owner or non-permission witness to establish the scienter element, such as testimony regarding whether or when the renovations had been completed and by whom. According to appellant, the Commonwealth's case was based on circumstantial evidence that established only that the arresting officer saw appellant in the middle of the afternoon inside a house that was newly renovated. Appellant does not dispute he tried to run to the front door when the police officer appeared, but upon apprehension, appellant stated that he was doing work at the house. Appellant points out that the only damage observed was a broken basement window; the front door was locked and

another door, through which the officers entered, was open and undamaged. Appellant concludes there was insufficient evidence to establish beyond a reasonable doubt that he knew he was not licensed or privileged to enter, or that he gained entry by subterfuge or was surreptitiously remaining on the premises. (Appellant's brief at 11.)

The trial court, sitting as finder-of-fact in this non-jury case, opined:

> There was only one witness and Appellant did not present any evidence to rebut Officer McCarthy's version of events. The evidence showed that Appellant, immediately upon seeing the officers[,] ran and attempted to flee through the front door. It was not until the officers apprehended him that he claimed that he was working on the home. This is clear evidence that he was on the premises illegally and without permission. Appellant had a guilty conscious [sic] and was attempting to get away. Furthermore, Officer McCarthy testified that[:] Appellant was not wearing a worker's uniform, there was no work truck at the site, and all renovations appeared to be complete and no longer in progress.

Trial court opinion, 12/4/14 at 3.

Based on the above, the trial court drew a reasonable inference that appellant entered the house through the broken basement window and was proceeding up the basement stairs, carrying a duffel bag filled with 20 pounds of copper tubing, when the officers appeared. It is undisputed that appellant dropped the bag and immediately ran in an attempt to flee. Such evidence leads to a conclusion that appellant did not have permission to be in the house. *See Commonwealth v. Fox*, 498 A.2d 917, 918 (Pa.Super. 1985) (finding sufficient evidence of non-permission where police

found defendant hiding next to a building with a broken window and defendant attempted to walk away from the officer).

Additionally, evidence that appellant attempted to flee the scene of a crime is admissible to show consciousness of guilt. ***See Commonwealth v. Hudson***, 955 A.2d 1031, 1036 (Pa.Super. 2008) (flight is a circumstance tending to prove consciousness of guilt), ***appeal denied***, 964 A.2d 1 (Pa. 2009); ***Commonwealth v. Coyle***, 203 A.2d 782 (Pa. 1964) (flight as evidence of consciousness of guilt may form the basis in connection with other proof from which guilt may be inferred).

We note Officer McCarthy testified that he smelled fresh paint and it appeared the house had been "recently renovated." (Notes of testimony, 10/13/10 at 18-19.) While appellant stated that he was working on the home, Officer McCarthy testified that it looked to him as though the work was completed. (***Id.*** at 17.) Additionally, Officer McCarthy testified appellant was not wearing any type of work uniform nor was there a work vehicle outside the house. (***Id.*** at 15.) All of these facts led the trial court to the conclusion that appellant was in the home without license or privilege. ***See Commonwealth v. Gordon***, 477 A.2d 1342, 1348 (Pa.Super. 1984) (lack of privilege to enter may be proved from the surrounding circumstances).

Appellant also argues the record was insufficient because the Commonwealth did not introduce direct evidence of non-permission. That

argument lacks merit as such evidence is not required. The Commonwealth may sustain its burden entirely through circumstantial evidence. ***Commonwealth v. Valentine***, 101 A.3d 801, 805 (Pa.Super. 2014).

Last, appellant contends his conviction cannot stand because the trial court stated it believed appellant's behavior was equally consistent with non-criminal behavior. (Appellant's brief at 12.) Appellant cites to a statement the trial judge made after finding him guilty of criminal trespass. The trial judge said, "I think you did it. But unfortunately, without a complaining witness, other things could have explained it." (Notes of testimony, 10/13/10 at 39.)

Appellant omits an entire passage. Prior to announcing the verdicts, there was much discussion about the copper pipes appellant was carrying and whether there was damage to the house. (***Id.*** at 36-38.) The notes of testimony show that the court first found appellant guilty of criminal trespass and then found appellant not guilty of burglary, theft by unlawful taking, receiving stolen property, and criminal mischief. (***Id.*** at 38.) After finding appellant "not guilty" of those crimes, the court said:

> And, Sir, I want to be clear on this. I think that you did it. I think the evidence shows you did it, but the standard of proof is beyond a reasonable doubt. Beyond a reasonable doubt, I'm finding you in that house without permission. That's criminal trespass into a structure. I think you did it. But unfortunately without a complaining witness, other things could have explained it.

> I just want you to know that; that I do think you did it.

*Id.* at 38-39. It appears to this court the trial judge was indicating he believed appellant was guilty of the other crimes but the Commonwealth had not proved its case beyond a reasonable doubt. In fact, a review of the trial court's opinion shows our interpretation is, indeed, what the trial court meant. The trial court explained: "Although this court believed Appellant was probably guilty of all the offenses he was originally charged with, many were not proven beyond a reasonable doubt. However, all the elements of criminal trespass were met since Appellant was in the home and was there without a license or privilege." (Trial court opinion, 12/4/14 at 3.)

Accordingly, based on the above, we affirm appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2015

- 9 -