J-S10038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: K.M., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.M., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3196 EDA 2016 |

Appeal from the Dispositional Order September 2, 2016
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0001172-2016

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 16, 2018**

Appellant K.M., a minor, appeals from the dispositional order entered following an adjudication of delinquency for simple assault.[1]  Appellant asserts that the evidence was insufficient to sustain the adjudication of delinquency for simple assault because the Commonwealth presented no substantive evidence of assaultive behavior.  The Commonwealth agrees that "it is clear that the trial judge did not permit the Commonwealth to enter the victim's prior record[ed] statement [regarding the assaultive behavior] into evidence[.] . . .  Accordingly, the Commonwealth does not oppose vacating K.M.'s adjudication for simple assault."  Commonwealth's Brief at 4.  We vacate the adjudication of delinquency for simple assault and discharge Appellant.

_____

[1] 18 Pa.C.S. § 2701.

Appellant and his girlfriend, N.C., were arguing by text message on the day in question. N.C. was at a friend's house, and Appellant arrived there, wishing to speak with her. N.C. was not interested in doing so. Appellant banged on the door. When N.C. later left the residence, Appellant approached her and attempted to grab her by the arms. N.C.'s friend's mother called the police, and N.C. told police that Appellant had punched her and left a bruise on her arm. Appellant was charged with committing acts constituting simple assault and recklessly endangering another person.

An adjudicatory hearing was held on August 31, 2016, during which N.C. testified that she had told the police that Appellant had punched her right arm and left a bruise. N.C. also maintained that Appellant did not actually hit her and that any injuries the police may have seen on the day in question pre-dated her encounter with Appellant. On September 2, 2016, the juvenile court granted Appellant's motion for judgment of acquittal for recklessly endangering another person, adjudicated Appellant delinquent on the charge of simple assault, and entered a dispositional order for supervised probation.

Appellant filed a timely notice of appeal and court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2] Appellant presents the following issue for our review:

---

[2] The juvenile court did not issue an opinion pursuant to Pa.R.A.P. 1925(a) because the presiding judge was no longer sitting. Given that the issues are apparent from the face of the record, we need not remand for the filing of an

Was not the evidence insufficient as a matter of law to sustain an adjudication of delinquency for simple assault where the Commonwealth presented no substantive evidence of assaultive behavior?

Appellant's Brief at 3.

In determining the sufficiency of the evidence, the test is

whether, viewing all evidence admitted at trial, together with all reasonable inferences therefrom, in a light most favorable to the Commonwealth as verdict winner, the trier of fact could have found that the [juvenile's] guilt was established beyond a reasonable doubt.

In order to sustain its burden of proof for simple assault, the Commonwealth must show that the [juvenile] "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another." 18 Pa.C.S. § 2701(a)(1)

*In re M.H.*, 758 A.2d 1249, 1250-51 (Pa. Super. 2000) (some citations omitted). Instantly, the Commonwealth did not introduce any evidence that Appellant caused bodily injury to N.C., but merely elicited from N.C. the fact that she had made a statement to police that Appellant had punched her. *See* N.T., 8/31/16, at 25-26 ("I **said** that he did hit me and he did punch me. Yes, I did **say** that." (emphasis added)). However, as Appellant points out, the actual statement averring that he had punched N.C. was not admitted into evidence.

---

opinion since we are not precluded from meaningful review. *See Commonwealth v. Hood*, 872 A.2d 175, 178 (Pa. Super. 2005) (noting that the purpose of Rule 1925(a) is to provide our Court with a statement of reasons for the order entered in the lower court "to permit effective and meaningful review of the lower court['s] decisions. However, the lack of a Rule 1925(a) opinion is not always fatal to our review, because we can look to the record to ascertain the reasons for the order.")

Because the alleged prior inconsistent statement upon which the delinquency disposition rests was not admitted into evidence, it is not part of the record available for a review of the sufficiency of the evidence. *See Commonwealth v. D'Alonzo*, 566 A.2d 1211, 1213 (Pa. Super. 1989) (noting that "[i]n passing on the sufficiency of the evidence, we decline to consider evidence which was not admitted into evidence and was therefore not before the trial court.").

Accordingly, we vacate the adjudication of delinquency for simple assault and discharge Appellant.

Dispositional order reversed. Adjudication vacated. Appellant discharged.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/18