J-S06019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA
                                 :
        v.                       :
                                 :
                                 :
                                 :
ANDRE F. COLON                   :
                                 :
        Appellant                :     No. 2161 EDA 2016

Appeal from the Judgment of Sentence June 8, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006374-2014

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 02, 2019**

Appellant, Andre F. Colon, appeals from the June 8, 2016 Judgment of

Sentence entered in the Court of Common Pleas of Philadelphia County

following his non-jury conviction of Forgery, Theft By Unlawful Taking, and

Receiving Stolen Property.[1]  He challenges, *inter alia*, the denial of his Rule

600 Motion and the sufficiency of the evidence.  After careful review, we

affirm.

In its Opinion, the trial court fully and accurately set forth the relevant

facts underlying the offenses, and we need not restate them in their entirety.

**See** Trial Ct. Op., 9/6/17, at 2-10.  We do, however, detail the procedural

history, as it is relevant to Appellant's Rule 600 issues on appeal.  On May 22,

2013, the Commonwealth filed a Criminal Complaint alleging that Appellant

---

[1] 18 Pa.C.S. §§ 4101; 3921; and 3925, respectively.

had used counterfeit currency to make purchases at a Philadelphia Walmart. On November 2, 2013, police arrested Appellant and charged him with the above crimes.[2]

On January 13, 2014, the court held Appellant's initial preliminary hearing. At the hearing, the Commonwealth presented the testimony of Walmart's asset protection manager, who testified that the currency Appellant used appeared counterfeit. The court dismissed the charges for lack of evidence that the currency was counterfeit.

The Commonwealth re-filed the Criminal Complaint on February 26, 2014. The trial court scheduled Appellant's preliminary hearing for March 25, 2014, and the Commonwealth properly served Appellant with notice of the new preliminary hearing. However, Appellant failed to appear for that hearing. The court rescheduled the preliminary hearing for May 5, 2014.

On May 5, 2014, Appellant appeared at the preliminary hearing. However, the Commonwealth requested a continuance to obtain the notes of testimony from the January 13, 2014 hearing. The court continued the hearing to June 2, 2014.

On June 2, 2014, following the preliminary hearing, the court held the charges over for trial. The court formally arraigned Appellant on June 23, 2014, and continued the case to July 22, 2014, for a pre-trial conference.

---

[2] The Commonwealth also charged Appellant with Conspiracy and Securing Execution of Documents by Deception. *See* 18 Pa.C.S. §§ 903 and 4114. The trial court acquitted Appellant of those charges.

On July 22, 2014, Appellant refused the Commonwealth's plea offer and the court listed the case for a waiver trial on September 26, 2014. The docket indicates that the court ruled that the time from July 22, 2014, to September 26, 2014—a total of 66 days—was excludable from the "speedy trial" calculation pursuant to Pa.R.Crim.P. 600.[3]

On September 26, 2014, the trial court granted the Commonwealth's Motion for Continuance of Appellant's trial as the Commonwealth's eyewitness failed to appear, despite the Commonwealth having subpoenaed him. The court ruled the time excludable from the Rule 600 calculation and scheduled Appellant's next court date for November 21, 2014.

On November 21, 2014, the Commonwealth again moved for a continuance because: (1) the Commonwealth's Secret Service agent witness was unable to testify because he was out of the country; and (2) the Commonwealth had not completed discovery. The court granted a continuance to January 16, 2015. The docket does not indicate whether the court found the time excludable from the Rule 600 calculation.

On January 16, 2015, the court again continued the case at the Commonwealth's request. The Commonwealth requested the continuance because it had still not completed discovery. In particular, the Commonwealth represented to the court that the Secret Service possessed a videotape of the

---

[3] Rule 600 requires Appellant to be tried within one year of the date of the refiled complaint, absent any time not attributable to the Commonwealth. Pa.R.Crim.P. 600(A), (C), cmt.

- 3 -

transactions at issue, but had been unable to locate it prior to the court's trial listings. The docket indicates that the court listed the case for a status hearing and Rule 600 Motion on January 30, 2015.[4] The court relisted Appellant's waiver trial for March 26, 2015.

On February 26, 2015, Appellant filed a Motion to Dismiss Pursuant to Pa.R.Crim.P. 600. On March 24, 2015, Appellant filed an Application to Dismiss Informations.[5] On March 25, 2015, he filed a Motion in *Limine* to Exclude Evidence. On March 26, 2015, the court scheduled the motions for a hearing and continued Appellant's trial to June 25, 2015.

The court held the hearing on April 8, 2015, and on April 14, 2015, the trial court denied Appellant's Rule 600 Motion and Motion in *Limine*. The court listed Appellant's trial for June 25, 2015.

On June 25, 2015, the trial court again continued Appellant's waiver trial to accommodate a protracted trial on its calendar. The court scheduled Appellant's trial for October 25, 2015.

_____

[4] The docket does not contain any notation that Appellant had filed a Rule 600 Motion. At the status hearing, the court noted that discovery was complete and that the case was not ripe for a Rule 600 Motion.

[5] In the Application to Dismiss, Appellant claimed that the Commonwealth violated his constitutional right to due process and irreparably prejudiced him by waiting 164 days from the date it applied for an arrest warrant to actually arrest him—244 days after the last of his alleged crimes. It does not appear that the trial court disposed of this motion.

On October 2, 2015, the court granted Appellant's request to continue trial. The court listed Appellant's trial for January 14, 2016, but on December 29, 2015, continued it again to February 18, 2016.

On February 18, 2016, following a one-day waiver trial, the court convicted Appellant of the above crimes. The court deferred sentencing for the preparation of a Pre-Sentence Investigation Report.

On June 8, 2016, the trial court sentenced Appellant to an aggregate term of eight years' reporting probation for his Forgery and Theft convictions. Appellant's Receiving Stolen Property conviction merged with his Theft conviction for sentencing purposes. The court further ordered Appellant to pay $3,060 in restitution. Appellant did not file a Post-Sentence Motion following entry of his Judgment of Sentence.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1. Was not the evidence insufficient as a matter of law to sustain [Appellant's] convictions for [F]orgery, [T]heft [by U]nlawful [T]aking[,] and [R]eceiving [S]tolen [P]roperty, where the evidence presented by the Commonwealth failed to establish that the counterfeit currency produced at trial was ever possessed, used, uttered[,] or exchanged for goods at Walmart by [Appellant]?

2. Did not the lower court err and abuse its discretion in denying [Appellant's] Motion to Dismiss Pursuant to Pa.R.Crim.P. 600 where the Commonwealth failed to exercise due diligence by not bringing [Appellant] to trial within 365 days?

3. Did not the lower court err and abuse its discretion when it allowed the Commonwealth to argue in closing that

> [Appellant's] pre-arrest silence was evidence of guilt in violation of the constitutional protections of the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution?

Appellant's Brief at 4.

In his first issue, Appellant challenges the sufficiency of the evidence in support of each of his conviction, averring that the Commonwealth's evidence was insufficient to prove that he was the source of the counterfeit bills used at Walmart. Appellant's Brief at 23-24.

Before we address the merits of this claim, we first consider whether Appellant has preserved it for our review.

First, we observe that Appellant has improperly combined his challenge to the sufficiency of the Commonwealth's evidence in support of three separate convictions into one issue and argument section in his Brief. Although Appellant has included the elements of each of those offenses in his Brief, he has failed to present separate arguments as to how the Commonwealth's evidence was deficient in establishing the requisite elements. Moreover, Appellant has not developed his argument with citation to relevant case law that supports his specific claims.[6] Appellant's failure to develop his issues separately in his Brief have hampered this Court's ability to

---

[6] Appellant has cited to **Commonwealth v. Hargrave**, 745 A.2d 20 (Pa. Super. 2000), and **Commonwealth v. McCrea**, 454 A.2d 132 (Pa. Super. 1982), for general propositions related to the limits of circumstantial evidence in proving guilt beyond a reasonable doubt in cases where the defendants had been convicted of Burglary, Possessing Instruments of Crime, and Theft.

conduct meaningful appellate review. Thus, we conclude that Appellant has waived his sufficiency of evidence claims by failing to develop them in his appellate Brief.[7] *See*, *e.g.*, *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (concluding claim of insufficient evidence for multiple convictions was waived because it was, *inter alia*, underdeveloped, and the appellant failed to argue which specific element of the crime was not met); *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) (where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."); *see also* Pa.R.A.P. 2101 (providing that where the defects in an appellant's brief are substantial, this Court may quash or dismiss the appeal).

In his next issue, Appellant claims the trial court abused its discretion in denying his Rule 600 Motion. Appellant argues that, because the Commonwealth filed its initial Criminal Complaint against him on May 22, 2013, the date by which the Commonwealth had to bring Appellant to trial, was May 22, 2014. Appellant's Brief at 27-28. He acknowledges that his prior counsel conceded that 132 days were excludable time, and concludes that

---

[7] Moreover, following our review, we conclude that Appellant's claim is actually in the nature of a challenge to the weight of the evidence. A defendant must preserve a challenge to the weight of the evidence by filing a Post-Sentence Motion or raising the claim at any time before sentencing, which Appellant did not do. *See* Pa.R.Crim.P. 607(A). In any event, this Court will not reweigh the evidence. *See Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (reiterating that it is not the position of this court to "reweigh the evidence or substitute our own judgment for that of the fact finder").

Appellant's adjusted run date, therefore, was October 1, 2014. *Id.* at 28. In support of his claim that the court should have made its Rule 600 determination based on the May 22, 2014 mechanical run date, Appellant argues that the Commonwealth failed to exercise due diligence and that the dismissal of the initial Criminal Complaint was the result of factors entirely within the Commonwealth's control. *Id.* at 30-31. Appellant concludes that, even factoring in all of the time he conceded, the fourth trial date was still 176 days past the adjusted run date.[8] *Id.* at 36.

We review a trial court's decision to deny a defendant's Rule 600 Motion for an abuse of discretion. *Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017).

Rule 600 provides in relevant part: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The Rule further states:

> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

---

[8] Appellant never filed a subsequent Rule 600 motion after the trial court entered its order on April 14, 2015, and did not argue, pursuant to Pa.R.Crim.P. 600 before the trial court or this Court, about the period of time between the entry of the order on April 14, 2015, and the commencement of trial on February 18, 2016. Accordingly, we make no determinations about this passage of time that occurred after the court denied his Rule Motion.

Pa.R.Crim.P. 600(C)(1). Simply, only periods of delay caused by the Commonwealth's failure to exercise due diligence are included in the computation of time within which trial must commence.

Relevantly, Rule 600 further provides that,

> In cases in which the Commonwealth files a criminal complaint, withdraws that complaint, and files a second complaint, the Commonwealth will be afforded the benefit of the date of the filing of the second complaint for purposes of calculating the time for trial when the withdrawal and re-filing of charges are necessitated by factors beyond its control, the Commonwealth has exercised due diligence, and the refiling is not an attempt to circumvent the time limitation of Rule 600.

Pa.R.Crim.P. 600 cmt (citing **Commonwealth v. Meadius**, 870 A.2d 802, 804 (Pa. 2005).

To determine whether dismissal is required for a violation of Rule 600, "a court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed," or, under certain circumstances, refiled. **Commonwealth v. Goldman**, 70 A.3d 874, 879-880 (Pa. Super. 2013). **See also Commonwealth v. Murray**, 879 A.2d 309, 314 (Pa. Super. 2005); **Meadius**, 870 A.2d at 804 (Pa. Super. 2005). Thereafter, an adjusted Rule 600 run date is computed, and the defendant is entitled to discharge under Rule 600 only where trial started after the adjusted run date. **Goldman**, 70 A.3d at 879 (noting that Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time."). The adjusted run date is calculated by adding to the mechanical run date both

excludable and excusable delay. *Id.* Excludable delay is delay caused by the defendant or his lawyer. *Id.* Excusable delay encompasses a wide variety of situations where the postponement of trial was outside of the Commonwealth's control. *Commonwealth v. Armstrong*, 74 A.3d 228, 236 (Pa. Super. 2013). "Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Goldman*, 70 A.3d 874, 879.

"Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Armstrong*, 74 A.3d at 236 (citation omitted).

First, we disagree with Appellant's premise that May 22, 2013, is the date from which Appellant's mechanical run date is calculated. Although the Commonwealth filed its initial Criminal Complaint on May 22, 2013, the court dismissed the Complaint for lack of evidence. Subsequently, on February 26, 2014, the Commonwealth refiled the Complaint. We, thus, calculate the mechanical run date from the date the Commonwealth refiled the Complaint. *See* Pa.R.Crim.P. 600 cmt. Accordingly, the mechanical run date was February 26, 2015, 365 days after the refiling of the Complaint.

From February 26, 2014, until the filing of the Rule 600 Motion on February 26, 2015, 365 days elapsed, and Appellant's trial had not yet commenced. We, thus, must next consider whether the trial court properly concluded that the Commonwealth's failure to bring Appellant to trial within

- 10 -

365 days was not the result of a lack of due diligence on the Commonwealth's part.

Following the refiling of the Criminal Complaint on February 26, 2014, the court scheduled a preliminary hearing for March 25, 2014. Appellant failed to appear at the hearing. The evidence of record establishes that the Commonwealth sent notice of the hearing to Appellant's counsel and Appellant conceded at the hearing on his Rule 600 Motion that service had been proper. Thus, the trial court properly excluded the 41 days between February 26, 2014, and March 25, 2014, from the Rule 600 calculation.

The court held Appellant's preliminary hearing on the refiled Complaint on June 2, 2014, and, that day, the court listed Appellant's case for trial on September 26, 2014. Appellant concedes in his brief that the trial court properly excluded the 116 days between June 2, 2014, and September 26, 2014, from the Rule 600 calculation. **See** Appellant's Brief at 13.

On September 26, 2014, the court continued Appellant's trial when the Commonwealth's eyewitness failed to appear notwithstanding the Commonwealth's due diligence in issuing a subpoena for his appearance. The court relisted the case a November 21, 2014 trial date. Because the Commonwealth had exercised due diligence, the court properly excused the 56 days between September 26, 2014, and November 21, 2014 from the Rule 600 calculation.

On November 21, 2014, the court again continued Appellant's trial when the Commonwealth's Secret Service agent witness was unavailable. Because

the Commonwealth has no control over Secret Service agents' schedules, the Commonwealth cannot be faulted for this witness's unavailability. ***See Commonwealth v. Wendel***, 165 A.3d 952, 957 (Pa. Super. 2017) ("the Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control") (citation omitted). In addition, on that date, and the subsequent January 16, 2015 trial date, the parties had not completed discovery because the Secret Service, and not the Commonwealth, had possession of a videotape of the criminal transactions. Thus, the trial court continued Appellant's trial to March 26, 2015. Appellant filed his Rule 600 Motion on February 26, 2015. The trial court properly excluded the 97 days between November 21, 2014, and February 26, 2015, from the Rule 600 calculation.

Appellant filed the Rule 600 Motion 365 days after the Commonwealth refiled the Complaint, rather than at the time his case actually came to trial.[9] Accordingly, we analyze his Rule 600 claim considering only the time-period between the refiling of the Complaint and the filing of the Rule 600 Motion. Following our review, we find that the trial court properly excluded or excused from the Rule 600 calculation 310 days as not caused by the Commonwealth's lack of due diligence. The record supports this conclusion. Therefore, the court properly denied Appellant's Rule 600 Motion.

---

[9] We emphasize that Appellant did not file an additional Rule 600 Motion at the commencement of his February 18, 2016 waiver trial.

In his final issue, Appellant challenges the trial court's decision not to sustain his objection to the following comments the prosecutor made during summation:

[W]hat does a normal person do when the Secret Service calls them on their cell phone? Do they hang up? When the United States Secret Service, the people that protect the President and the U.S. Mint, and investigate counterfeit money[,] get on the phone, that's somebody you want to talk to, isn't it? That's not what [Appellant] did. . . When a special agent from Washington, D.C. calls you and says, [i]s this [Appellant], and you hang up, you know that there's a reason why the Secret Services is calling you and knows your name. So you want to talk about he has no idea of what is going on? I think that's preposterous.

N.T., 2/18/17, at 128-130.

Appellant alleges that the Commonwealth's comments were a "blatant and explicit use of [Appellant's] pre-arrest silence to [imply] guilt" and was, therefore, a violation of his constitutional right against self-incrimination. Appellant's Brief at 39. He avers that because the Commonwealth had no evidence to connect Appellant to the counterfeit currency used at Walmart, and the "foundation for the Commonwealth's argument" was Appellant's consciousness of guilt, the court's failure to sustain his objection was not harmless error. *Id.* at 40.

A prosecutor's comments that are based on the evidence or reasonable inferences therefrom are not improper. *Commonwealth v. Cash*, 137 A.3d 1262, 1273 (Pa. 2016). Because a prosecutor may fairly respond to comments made by defense counsel in her closing, a court must consider the prosecutor's comments in light of defense counsel's conduct.

- 13 -

*Commonwealth v. Miller*, 172 A.3d 632, 644 (Pa. Super. 2017), *appeal denied*, 183 A.3d 970 (Pa. 2018). Even if improper, a prosecutor's comments will constitute reversible error "only where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and reach a fair verdict." *Cash*, 137 A.3d at 1273 (citation omitted). Moreover, when the trial court is sitting as the finder of fact, the potential prejudice to a defendant from intemperate prosecutorial remarks made in closing is lessened or eliminated. *Commonwealth v. Stantz*, 509 A.2d 351, 356 (Pa. Super. 1986).

In the instant case, during closing arguments, and in response to Appellant's counsel's argument that Appellant did not know he was under investigation for having committed a crime, the prosecutor made the comments set forth above.

Our review of the record indicates that the Commonwealth statement, based both on the evidence presented at Appellant's waiver trial, or reasonable inferences therefrom, and made in response to an argument put forth by Appellant in his closing statement, constituted a permissible reference to Appellant's pre-arrest silence. *See Commonwealth v. Molina*, 104 A.3d 430, 451 (Pa. 2014) (articulating that "the right against self-incrimination prohibits use of a defendant's pre-arrest silence as substantive evidence of guilt, unless it falls within an exception such as impeachment of a testifying

defendant or **fair response to an argument of the defense**") (emphasis added).[10]  Accordingly, Appellant is not entitled to relief on this claim.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/19

---

[10] In addition, following Appellant's objection, the trial court aptly noted that "[t]his is not a jury.  As a judge, I can delineate his argument."  N.T. at 129. Rather, given the trial court's "knowledge, experience, and training," it understood that the Commonwealth had stated that a Secret Service agent had called Appellant to refute Appellant's claim that he did not know he under investigation in this case.  **See Commonwealth v. Harvey**, 526 A.2d 330, 333 (Pa. 1987) (explaining the presumption that a trial court's "knowledge, experience[,] and training will enable him to disregard inadmissible evidence and other improper elements").