J-A05012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MALIK MUHAMMAD | : | |
| | : | |
| Appellant | : | No. 579 EDA 2025 |

Appeal from the Judgment of Sentence entered November 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006690-2022

BEFORE: KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 11, 2026**

Malik Muhammad appeals *nunc pro tunc* from his 3-to-10-year judgment of sentence for persons not to possess firearms.[1] He challenges the sufficiency and weight of the evidence. We affirm.

This case arose from a vehicle stop on August 29, 2022, by Sergeant (then-Officer) Edward Perez of the Philadelphia Police. On September 27, 2024, the case proceeded to a non-jury trial.

The Commonwealth presented testimony from Sergeant Perez, as well as documentary evidence. Sergeant Perez testified that he was patrolling in the area of 3800 Wallace Street when he observed a situation involving a red Mazda and requested back up. Another police car arrived; Sergeant Perez was behind the Mazda, and the other police car was in front of it.

_____

[1] 18 Pa.C.S. § 6105(a)(1).

Sergeant Perez testified that when he activated his vehicle's lights, the Mazda slammed on its brakes, the driver's door opened, and the driver—later identified as Muhammad—exited and dropped an item. Muhammad ran away. Sergeant Perez and Officer Lutz, who was a passenger in the other police car, ran after him. After about a minute, Muhammad ran into Officer Lutz. Sergeant Perez identified Muhammad as the driver of the Mazda. Once Muhammad was detained, Sergeant Perez searched him and recovered three clear sandwich bags, tied in a knot with a green leafy substance.[2]

Sergeant Perez testified that he returned to the Mazda, where Officer Canela (who drove the other police car) had detained the other occupant of the Mazda, a female front-seat passenger. Outside the Mazda, Sergeant Perez saw the item that Muhammad had dropped, a cell phone. On the driver's seat, he saw another sandwich bag tied in a knot with a green leafy substance. And on the driver-side floorboard, Sergeant Perez saw a handgun. The parties stipulated that the handgun was a firearm, *see* 18 Pa.C.S. § 6105(i), and that Muhammad was disqualified from possessing a firearm.

The trial court credited Sergeant Perez's testimony and found Muhammad guilty of persons not to possess firearms. Prior to sentencing, Muhammad did not challenge the weight of the evidence.

_____

[2] The trial court sustained objections to Sergeant Perez's testimony about why he stopped the Mazda and what the green leafy substance was. Neither fact affects our analysis of Muhammad's issues in this appeal.

On November 26, 2024, Muhammad appeared for sentencing. Through counsel, he presented an oral motion for extraordinary relief. The trial court denied the motion and sentenced Muhammad to 3 to 10 years of incarceration. Muhammad did not file post-sentence motions or a timely appeal.

On January 15, 2025, Muhammad moved to reinstate his appellate rights *nunc pro tunc*. The trial court granted reinstatement and appointed appellate co-counsel. Muhammad filed this direct appeal.[3] Muhammad and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Muhammad challenges (1) the sufficiency of the evidence to sustain his conviction and (2) the trial court's discretion in denying his motion that the verdict was against the weight of the evidence.

Muhammad's first issue is a challenge to the sufficiency of the evidence that he possessed the handgun. Muhammad argues that his presence in the Mazda, even viewed in combination with his flight from the scene, is not sufficient to prove beyond a reasonable doubt that he—rather than the female passenger—possessed the handgun.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for a

_____

[3] Muhammad mistakenly indicated he was appealing from the order granting reinstatement of his direct appellate rights, rather than his judgment of sentence. We treat his appeal as properly filed from his judgment of sentence, and we have corrected the caption accordingly. ***Commonwealth v. Walter***, 119 A.3d 255, 258 n.1 (Pa. 2015) (citing Pa.R.A.P. 105(a)).

fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Williams**, 255 A.3d 565, 578–79 (Pa. Super. 2021) (quoting **Commonwealth v. Smith**, 97 A.3d 782, 790 (Pa. Super. 2014)) (brackets omitted).

The statute at issue prohibits certain people (including Muhammad) from, among other actions, possessing firearms in Pennsylvania. 18 Pa.C.S. § 6105(a)(1); **see Commonwealth v. McClellan**, 178 A.3d 874, 878 (Pa. Super. 2018). The Commonwealth can meet its burden under a theory of "constructive possession," which "is an inference arising from a set of facts that possession of the contraband was more likely than not." **McClellan**, 178 A.3d at 878 (citing **Commonwealth v. Mudrick**, 507 A.2d 1212, 1213 (Pa. 1986)).

When contraband is not found on the defendant's person, the Commonwealth must establish "constructive possession," that is, the power to control the contraband and the intent to exercise that control. The fact that another person may also have control and access does not eliminate the defendant's constructive possession. As with any other element of a crime, constructive possession may be proven by circumstantial evidence. The requisite knowledge and intent may be inferred from the totality of the circumstances.

- 4 -

*Id.* (quoting *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996)) (citations and ellipsis omitted).

Notably, "a defendant's mere presence at a place where contraband is found or secreted is insufficient, standing alone, to prove that he exercised dominion and control over those items." *Commonwealth v. Wright*, 255 A.3d 542, 553 (Pa. Super. 2021) (quoting *Commonwealth v. Parrish*, 191 A.3d 31, 37 (Pa. Super. 2018)). However, a person's proximity to contraband in combination with other circumstantial evidence can support a reasonable inference that he constructively possessed it. *E.g.*, *Commonwealth v. Mumford*, _ A.3d _, _, 2026 WL 469008, at *8–9 (Pa. Super. 2026).

This Court's recent decision in *Mumford* illustrates how one's presence near a firearm, as well as other circumstantial evidence, can be sufficient to show constructive possession of the firearm. That case involved two firearms offenses, requiring proof that the defendant possessed a firearm and that he carried a firearm inside a vehicle. *Id.* at *1 n.1. The jury heard evidence that a police officer stopped a van, and the passenger fled and dropped a firearm on the sidewalk. *Id.* at *2. In the passenger side of the van, there was a wallet containing cards with the defendant's name, and testing showed that the defendant was likely a contributor to a DNA mixture found on the firearm. *Id.* at *2–3. On appeal, we first ruled the evidence was sufficient to establish that the defendant was the person who possessed the firearm when it was discarded. *Id.* at *7–8. Further, we rejected the defendant's claim that the evidence was not sufficient to show he (rather than the driver) possessed the

firearm in the van. *Id.* at *8–9. Even if the driver possessed the firearm, the jury could reasonably infer from the defendant's actions that he also exercised dominion and control of the firearm inside the vehicle. *Id.* "[T]he power and intent to control a firearm necessary for constructive possession need not be exclusive to the defendant." *Id.* at *9 (citing *Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 438 (Pa. Super. 2021)).

A person's flight can indicate consciousness of guilt. *Commonwealth v. Hargrave*, 745 A.2d 20, 23 (Pa. Super. 2000) (citing *Commonwealth v. Miller*, 721 A.2d 1121, 1125 (Pa. Super. 1998)). But when a person flees the scene and the only other evidence indicates that he was present "both immediately prior to and subsequent to the commission of a crime," our courts have held this insufficient to sustain a conviction. *Id.* at 23–24 (ultimately quoting *Commonwealth v. Goodman*, 350 A.2d 810, 811–12 (Pa. 1976)). "The additional element of flight, which is as consistent with fear as with guilt, does not convert presence into proof of guilt." *Id.* at 24 (quoting *Goodman*, 350 A.2d at 811). Thus, where a defendant was at the scene of a department store burglary and near a box with stolen merchandise, his later disappearance (after charges were filed) was insufficient to prove that he had participated in the burglary. *Id.*

Here, the evidence from Muhammad's trial was sufficient to prove that he constructively possessed the handgun that police first saw on the driver-side floorboard of the Mazda. Because Muhammad fled from the driver's side of the Mazda, the trial court could find that he was the driver. The trial court

could also find from the matching sandwich bags on Muhammad's person and on the driver's seat that Muhammad had the power and intent to control the items on that side of the Mazda. The court could infer that the handgun slid out from under the driver's seat when Muhammad slammed on the brakes. Thus, even if the female passenger also had a possessory interest in the handgun, it would still be reasonable to find that Muhammad had dominion and control over it. **Mumford**, _ A.3d at _, 2026 WL 469008, at *9. As the evidence showed that Muhammad constructively possessed the handgun, the court could consider his immediate flight as further evidence of his mental state. **Hargrave**, 745 A.2d at 23. Muhammad's first issue fails.

Muhammad's second issue is a challenge to the weight of the evidence. Because this claim implicates the trial court's discretion, an appellant must preserve it by moving for a new trial in one of three ways:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A).

Under this rule, "a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." **Commonwealth v. Gillard**, 850 A.2d 1273, 1277 (Pa. Super. 2004) (citing Pa.R.Crim.P. 607, *comment*). Importantly, "A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal."

Pa.R.Crim.P. 704(B)(3); *see Commonwealth v. Askew*, 907 A.2d 624, 627 (Pa. Super. 2006).

Here, Muhammad did not move for a new trial under Rule 607(A). Furthermore, his oral motion for extraordinary relief did not preserve his weight issue. We therefore do not reach the merits of Muhammad's second issue.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/11/2026